CITY OF MALVERN *v.* COOPER.

## Opinion delivered April 21, 1913.

1. MUNICIPAL CORPORATIONS—POLICE POWER—SIDEWALKS.—Kirby's Digest, § 5542, which provides that cities may order and compel property owners abutting on a street or public square to build, rebuild, maintain and repair foot pavements or sidewalks there along and to designate the materials to be used and specifications to be followed and time for completion, is valid under the police power of the State, and thereunder, a city by its ordinance may compel an abutting owner to rebuild a sidewalk where he already has one in front of his premises. (Page 28.)

2. MUNICIPAL CORPORATIONS—VALIDITY OF ORDINANCE—PRESUMPTION.— While the presumption is in favor of the validity of a city ordinance, when the record is produced containing the ordinance, it may be overcome by proof that the essential requirements of the statutes have not been complied with in the enactment of the ordinance. (Page 30.)

Appeal from Hot Spring Chancery Court; *J. P. Henderson,* Chancellor; reversed.

*Henry Berger,* for appellant.

1. There is no statutory or charter provisions requiring municipalities to hold their sessions on any particular day, but the city council of appellant elected to hold its monthly sessions on the first Thursday in each month, which in August, 1909, fell on the fifth day of the month. The ordinance in question bears date August 5, 1909, as appears by the ordinance record book of the city. This is *prima facie* evidence of the legal existence of the ordinance and its contents. 90 Ark. 292. And the burden is on the defendant to overcome this evidence. Kirby's Dig., § 3066; 53 Ark. 368.

The council was not confined to the ordinance alone to require the building of the sidewalk. The city had authority to proceed under ordinance, resolution or order, or under all these methods. 88 Ark. 601.

2. The police power specially delegated to the city by the statute authorizes it not only to require property owners to build sidewalks, but also to rebuild them and to designate the materials out of which they are to be rebuilt. Kirby's Dig., § 5542.

The police power of the State may, in the absence of any constitutional restrictions upon the subject, be delegated to the municipalities, to be exercised by them within their corporate limits. 53 Ark. 373; 13 Ore. 538; 90 Cal. 617; 103 Tenn. 421; 183 U. S. 13.

Where express power is given to a municipality to enact ordinances of a certain kind, and an ordinance is enacted which, upon its face, is purely within the terms of the express power, the court will not interfere on the ground of unreasonableness, but is restricted to consider the constitutionality of the act granting the power. 64 Ark. 154.´ Here the ordinance appears on its face to be valid, and there is no evidence that it is unreasonable. 52 Ark. 301.

3. There is no merit in the contention of appellee that the action of the city council in ordering the rebuilding of the sidewalks in accordance with its ordinance without a trial or proceeding of some kind or an opportunity afforded him to be heard, was without authority of law and in violation of his right as a property owner. Every property owner holds subject to such general regulations as are necessary to the common good and general welfare. 7 Cush. 84; 2 Story on Const., § 1954; Dillon, Mun. Corp., § 93; 7 Cow. (N. Y.), 349; 12 Pick. 184; 11 Met. 55; 12 Me. 403. Appellee can not complain because the city required him to take up the old walk, which, the proof showed, had been down for twenty-five years, even though it had been put down pursuant to a previous ordinance requiring same, or by permission or acquiescence. 146 N. C. 527; 98 Ark. 159. See also 88 Ark. 597; 87 Ark. 85-92; 59 Ark. 494.

*Wm. R. Duffie* and *Andrew I. Roland,* for appellees.

1. Appellant could not properly show by parol testimony that the ordinance was in fact enacted on August 5, instead of August 6, the date the record shows. 21 Am. & Eng. Enc. of L. (2 ed.), 9; 24 *Id.* 193; 22 Ark. 119; 1 Elliott on Ev. 728; 105 S. W. 678; 35 S. W. 696; 1 Smith, Mun. Corp., § 389; *Id.* § 313; 61 Ark. 36; 94 Ark. 499.

2. Section 2 'of the ordinance in question provides that the sidewalks and curbing be constructed as to grade "according to the grade which shall be established by an engineer employed by the city for this purpose," etc. In so far as the city delegates its authority in this respect to the city engineer, the ordinance is void, and his acts in the exercise of such delegated power are void. 96 S. W. 852; 123 Cal. 192, 55 Pac. 768; 3 S. D. 309; 53 N. W. 182; 11 Ill. App. 283; Dillon, Mun. Corp., § § 96, 97; 35 Fla. 446; 43 Mo. 352; *Id.* 395; 46 Mo. 100; 116 Mo. 248.

3. The burden of proving service of the notice to property owners provided for by the ordinance rested upon the appellant. A mere statement by the street commissioner that he gave notice as prepared by the city attorney, is not sufficient proof that such notice was actually served. 68 Ark. 238; 70 Ark. 427; 68 Ark. 548; 71 Ark. 133; 33 Col. 487; 3 Ann. Cas. 674, 676.

4. Appellee being the owner in fee of the property abutting on the sidewalk, retains the fee of the street and all the rights of property therein, subject only to the right of the public to use the same as a street or sidewalk. 24 Ark. 102; 51 Ark. 491; 77 Ark. 579; 50 Ark. 466; Elliott on Roads, § 886; 13 Cyc. 492.

The city, in tearing up the sidewalk already existing against the protest of the property owner, was a mere trespasser, and the subsequent building of the sidewalk without notice and without an ordinance properly passed, was but a further trespass in a series. 24 Ark. 102; 2 Ark. 45; 25 Ark. 436; 36 Ark. 268; 28 Am. & Eng. Enc. of L. (2 ed.), 584; *Id.* 576; 66 Ark. 175.

SMITH, J. This is a suit by the city of Malvern, a city of the second class, against W. H. Cooper and A. I. Roland to recover the sum paid by the city for the construction of a concrete walk, built by this city, abutting the property of appellees. The proof on the part of the city tended to show that the council passed an ordinance on the 5th day of August, 1909, requiring all owners of real property abutting on Main street in said city, be-

tween South First and South Fourth streets, or Page avenue, to construct sidewalks as provided for in said ordinance. That on and prior to the 7th day of November, 1910, the appellee, W. H. Cooper, was the owner of certain lots on Main street, between First and Fourth streets, but had failed to construct the walks in accordance with the provisions of said ordinance, and that a written notice to construct the walks within twenty days had been given him, and upon his continued failure and refusal to build the walks and after the lapse of more than thirty days after the service of the notice to construct them, the city, through its street committee, contracted with one Charles Bryant to construct said sidewalk in the manner provided for in said ordinance, which contract was ratified and confirmed by the city council and in accordance with said contract, the said Bryant built the walk at a cost of $69.25, which sum was paid to the said Bryant by the city of Malvern. That subsequently Cooper sold to A. I. Roland a part of one of said lots.

The city prayed judgment for this sum and for a penalty of six per cent and interest at the rate of 6 per cent, and that the whole amount thereof be declared a lien on said property and that the same be sold to satisfy said lien.

The answer denied the material allegations of the complaint and raised the following issues:

(a) That there was no ordinance; (b) nor any grade established; (c) nor any notice given the abutting property owners; (d) that section 5542 of Kirby's Digest, which it was claimed, gave the city the authority to pass the ordinance under which it had proceeded in the construction of the walk, applied only where no original sidewalk existed, but did not apply where the property owner already had a sidewalk, and that a property owner who had a sidewalk equal to the one which the city proposed to require (which appellee had) was entitled to a day in court, before determining whether his walk should

be torn up and destroyed and the property owner required to build another.

Under its police power, the Legislature of the State has the authority to pass laws permitting its cities to pass ordinances for the construction of walks and to prescribe the kind which the property owners therein shall build, and when the cities have exercised this power by the passage of by-laws and ordinances, property owners therein are under the duty of complying therewith, and the failure to obey can not be excused by such a showing as is here attempted to be made, that the property owner had a good and sufficient walk. The provisions of section 5542 of Kirby's Digest, so far as they relate to the authority of a city to pass an ordinance similar to the one under consideration, is as follows:

"In order to better provide for the public welfare, safety, comfort and convenience of the inhabitants of cities of the first and second class, the following enlarged and additional powers are hereby conferred upon said cities, viz: The council of any such city, by ordinance, resolution or order shall have the power to compel the owners of any property abutting on its streets or public squares to build, rebuild, maintain and repair foot pavements or sidewalks, improvements and curbing there along, and to designate the kind of sidewalk and curbing improvements to be made, the kind of material to be used, the specifications to be followed, and the time within which such improvement is required to be completed."

Thus it is seen that the power is conferred not only to require walks to be built, but also to be rebuilt and to be maintained and repaired according to prescribed specifications.

The ordinance passed pursuant to the above section will not be set out in full because of its length, but it may be said in answer to appellee's objection (b) that no grade was established; that the ordinance provides with great particularity and certainty how the walk may be constructed and to what grade and of what composition.

Upon the question of the sufficiency of the notice, it may be said that the deputy marshal, who was also the street commissioner, testified that he served a notice upon appellee, Cooper, notifying him to build the walk and that Cooper declined to do so upon the ground that he had a better walk than the one which the city proposed to build, and that he would take the case to the highest courts in resistance to the city's demands. Appellee, as a witness, did not deny the service of the notice, but upon the contrary there was offered in evidence a notice, dated April 10, 1911, which he gave the street commissioner, forbidding him interfering with his walk, and he alleged in his answer that he gave this notice not to tear up his walk before it was torn up.

The remaining and real question in the case is whether the city had a valid ordinance which authorized the action taken by it. It is contended by appellee that the records of the proceedings had by the city council as shown by its minute book, recites that the council held its regular session on August 6, 1909, instead of August 5, 1909, the date of the ordinance in question and that said records import absolute verity and can not be contradicted by parol testimony, and that as the recorder's record of the meetings of the council shows the meeting to have been on the 6th and not on the 5th, that no valid ordinance could have been passed on the 5th. This minute book does recite that the council met on the 6th, but that it is not the only recital it contains, as it appears from the minute book that the meeting was a regular one held on the 6th day of August. Now the proof is undisputed that the time for regular meetings of the council was on the first Thursday of each month, and the first Thursday of August was the 5th and not the 6th. Moreover, the said ordinance had been recorded in the book which section 5473 of Kirby's Digest required should be kept for that purpose, and was authenticated by the signature of the mayor and recorder, and as authenticated by them, showed its passage on August 5, 1909.

The section last mentioned provides that "all by-laws or ordinances shall as soon as may be after their passage be recorded in a book kept for that purpose, and be authenticated by the signature of the presiding officer of the council and the clerk." This is the permanent record, which the law intends shall perpetuate the evidence of the ordinances passed by the city's council, and the ordinances and by-laws as they there appear are not only presumed to be correct, but printed copies of them published by the city's authority, or transcripts therefrom, certified by the city's clerk, are received in evidence for any purpose for which the original ordinance would be received. Kirby's Digest, § 5471.

The burden was not therefore upon the city to establish the validity of its ordinance as that presumption in its favor is indulged when the record is produced, containing the ordinances which the law requires to be kept for that purpose. *Heno* v. *Fayetteville,* 90 Ark. 292; *Van Buren* v. *Wells,* 53 Ark. 368; Kirby's Digest, § 3066.

This, however, is a mere presumption and might be overcome by competent evidence that the essential requirements of the statutes of the State had not been complied with in the enactment of these ordinances. The proof here offered to accomplish that purpose has been set out and we think it insufficient for that purpose. Full recognition is given to the authority of those cases which hold that the courts do not take judicial notice of ordinances and that parol evidence is not admissible to prove an ordinance or resolution of a city council, and the conclusions here announced do not offend against these rules. The recital of the minute book that the council's meeting was on August 6, 1909, was a mere misprision of the recorder for those minutes also recite that the meeting was a regular meeting and the evidence is undisputed that the first Thursday of each month was the regular meeting day and that that date was in fact the 5th and not the 6th. *Butler* v. *Kavanaugh,* 103 Ark. 109.

Moreover, in addition to the ordinance, which we

have been considering, the town council passed on December 2, 1909, the following resolution:

"Be it resolved by the city council of the city. of Malvern, that the city marshal of the city of Malvern notify all property owners in the city of Malvern abutting on both sides of Main street between South First street and Fourth street, be required to lay concrete sidewalks in accordance with the provisions of the ordinance of said city, passed August 5, 1909, and in default of same that the city will proceed to hire same built and when so constructed the charge for same will become a lien on the property abutting said sidewalk."

In the case of *Gregg* v. *Stuttgart,* 88 Ark. 597, a property owner was directed by a resolution of the council of the city of Stuttgart to build a sidewalk in accordance with the provisions of an ordinance of that city, the details of which were not set out in the resolution as passed, and it was objected that the resolution was void for the reason that the ordinance failed to designate the kind of sidewalk, the kind of material and the specifications. But it was there said that if the specifications were not sufficiently definite, that fact afforded no ground for complaint to the land owner, that when he builds such sidewalks as is called for in the notice served upon him, he has fulfilled his duty; and whether it is such an one as desired, can not be questioned by the city, because it did not specify more particularly the kind wanted. And it was contended that the validity of the city's proceedings must be tested by its ordinance and not by resolution. But it was there said, "There is no reason why the proceedings can not be tested under both. The resolution is evidently supplementary, and in aid of the enforcement of the ordinance. It is somewhat is the nature of an amendment, making certain some of the matters left at large in the general ordinance. The council is expressly authorized by the statute to require sidewalks to be constructed by ordinance, resolution or order, and, therefore, the form of the city's mandate may be in any one of these methods of procedure, which the council may

see fit to adopt; or, if it pleaseth the council, it may adopt all of them to reach to the same end. It is a mere choice of tools or weapons to require the property owner to lay a sidewalk."

The chancellor made no finding except that the complaint should be dismissed for want of equity and it was accordingly dismissed and all costs assessed against the city.

We are of opinion that the chancellor erred in his finding and order, and the decree is accordingly reversed and remanded with directions to enter a decree in favor of the appellant, city of Malvern, for the sum of $69.25, and the penalty of 6 per cent thereon, and interest also at the rate of 6 per cent from the date of the city's payment to the contractor and that the whole amount thereof be declared a lien on appellee's property, described in the complaint, and the same ordered sold, in satisfaction of said lien pursuant to the provisions of section 5542 of Kirby's Digest, if the same is not paid within the time fixed by the court.