STORTHZ *v.* MIDLAND HILLS LAND COMPANY.

4-4155

Opinion delivered February 17, 1936.

*House, Moses & Holmes* and *Eugene R. Warren,* for appellants.

*Cockrill, Armistead & Rector,* for appellees.

JOHNSON, C. J. This appeal comes from a decree of the Pulaski Chancery Court refusing to cancel restrictive covenants on certain real estate, and in granting an injunction prohibiting appellants from constructing a store building upon said property.

The pertinent facts necessary to an understanding of the issues involved are as follows: in 1926 appellants, Joe and Sam Storthz, purchased lots 3 to 8, inclusive, in block 6 of Midland Hills Addition to the city of Little Rock, and in each of the deeds conveying said property the following covenant appears:

"It is understood and agreed by the grantors herein, and this conveyance is made upon the express condition that the said Sam J. Storthz and Joe Storthz, their heirs

and assigns, shall not erect any residence on the said lots to cost less than $2,500, and that the said lots will not be used for other than residence purposes."

All deeds conveying property in this subdivision contained restrictive covenants similar to the one quoted *supra*. At the time of appellants' purchase in 1926 there was a store building located upon lots 9 and 10 in block 6, immediately adjacent to appellants property. The plat on the opposite page seems to clarify the situation and location of all the property:.

Appellants instituted this proceeding as aforesaid against their immediate grantors, alleging that subsequent to their purchase or conveyances the property lying on the south and southeast of their property has grown into a sizeable business district, and that because of this condition their property has become without value for residential purposes; also because of said restrictive covenants in their muniments of title against commercial houses the property can not be disposed of for commercial purposes. The prayer was that the restrictive covenants be canceled as clouds upon their title, and for all other proper relief. By interventions and answer of interested parties, the allegations of appellants' complaint were put in issue, and by affirmative plea an injunction was prayed against appellant, prohibiting construction of a store building upon their property. Appellants' testimony produced upon trial tended to show that they paid $1,500 each for the lots purchased in 1926, and at that time there were no commercial or store buildings in the vicinity save that located on lots 9 and 10; that at the present time there are commercial or store buildings on the south side of Markham Street, but outside the restricted area as follows: Two grocery stores, a drug store, cleaner shop, a shoe shop, and a restaurant; that east on Markham Street, on the south side, there are located a store building, filling station, and a poultry house. All these buildings are within one or two blocks of appellants' lots. The testimony further tends to show that appellants have been unable to find any one willing to purchase their lots for residential purposes, and that the restrictions against commercial or store buildings

renders it impossible to sell for commercial purposes, and for these reasons the property is without value; that lots 6, 7 and 8 have value for commercial purposes, but have no other substantial value. The testimony in behalf of appellees tends to controvert that of appellants, but in the main the facts are not in material dispute.

From the facts thus stated, the following legal questions arise: First, may restrictive covenants in deeds be canceled in equity? Second, if so, does the testimony adduced by appellants warrant such cancellation? Third, if not, may equity enjoin a threatened violation of the restriction?

Adverting to the first query of law, we conclude that the weight of authority is to the effect that equity will and should entertain a bill which has the purpose of cancelling a restrictive covenant in a deed as a cloud upon title wherein it is alleged that the conditions surrounding the property have so changed as to utterly destroy its value for the purpose for which the restriction was promulgated to prevent, and that this change of conditions is due to no fault on the part of the petitioner and will work no irreparable injury to others. *Osius* v. *Barton,* 109 Fla. 556, 147 So. 862, 88 A. L. R. 394; *Rector* v. *Rector,* 114 N. Y. S. 623; *McArther* v. *Hood Rubber Co.,* 221 Mass. 372, 109 N. E. 162; Tiffany on Real Property, §§ 1425, 1457 and 1458; 18 C. J. 402.

Stated another way, equity should entertain jurisdiction to cancel a restrictive covenant in a deed where it would be oppressive and inequitable to give the restriction effect as where the enforcement would have no other result than to harass or injure the one without accomplishing the purposes for which originally made. 18 C. J., p. 400, § 465; *Star Brewery Co.* v. *Primes,* 163 Ill. 652, 45 N. E. 145; *Russell* v. *Harpel,* 20 Ohio Cir. Ct. R. 127; *Antes* v. *Manhattan R. Co.,* 116 N. Y. S. 697; *Jackson* v. *Stevenson,* 156 Mass. 496, 31 N. E. 691; *Roberts* v. *Scull,* 58 N. J. Eq. 396, 43 Atl. 583; *Moore* v. *Curry,* 176 Mich. 476, 142 N. W. 839; *Orne* v. *Fridenberg,* 143 Pa. 487, 22 A. 832; *McClure* v. *Leaycraft,* 183 N. Y. 36, 75 N. E. 961. The reasoning just stated is consonant with

our previous opinions dealing with analogous subjects. *Pfeifer* v. *Little Rock,* 169 Ark. 1027, 277 S. W. 883.

For the reasons stated therefore we conclude that equity has jurisdiction to grant the relief prayed in appellants' complaint, and that it should be exercised if the testimony adduced warrants that conclusion.

Referring to the second query, that of the sufficiency of the testimony adduced, the testimony reflects that the change or changes in the circumstances and surroundings of appellants' property is due almost if not solely to changes to and in property lying without, but adjacent to the restricted addition in which appellants' property is located, and is not due to any physical change or changes in or to the property actually located and situated within the restricted area or addition. Notwithstanding the restrictions in this addition have been in force and effect for the past 10 years, no violation thereof has ever occurred, according to the undisputed testimony. Many property owners in this restricted addition most seriously object to encroachments upon the residential restrictions, and they all asserted a grave and irreparable injury to their homes if appellants are permitted to ignore said restrictions.

It has been held by respectable authority that the fact that the restricted property is of less value for residential purposes than it would be for some other purpose is no valid reason to ignore the restriction (*Spahr* v. *Cape,* 143 Mo. App. 426, 122 S. W. 379), and that encroachments on the outside of the restricted area do not necessarily justify an invasion of the restricted territory. *Noel* v. *Hill,* 158 Mo. App. 426, 138 S. W. 364; *Pierce* v. *St. Louis Union Trust Co.,* 311 Mo. 262, 278 S. W. 408; *Harvey* v. *Rubin,* 219 Mich. 307, 198 N. W. 17.

The cases relied upon by appellants as to the proof or the quantum thereof necessary to warrant a court of equity in canceling a restrictive covenant do not justify their position.

*Trustees of Columbia College* v. *Thacher,* 87 N. Y. 311, 41 Am. Rep. 365, cited and relied upon by appellants, is not in point. There the testimony reflected that new conditions had so entirely and completely changed the

original situation of the property as to render the restrictions no longer serviceable. This conclusion was entertained because of the construction of an elevated railway in front of the premises; the location of a depot and other conditions which rendered the property useless for residential purposes. No comparable condition is reflected by the testimony here adduced. *Jackson* v. *Stevenson,* 156 Mass. 496, 31 N. E. 691, 32 Am. St. Rep. 476, and other cases cited and relied upon by appellants are of similar import and effect to that of the Thacher case, *supra.* In point of fact we think the instant case falls more nearly within the rule announced in *Spahr* v. *Cape, supra,* and *Pierce* v. *St. Louis Union Trust Co., supra,* and cases there cited.

We are therefore of the opinion that no such changed condition of the surroundings of appellants' property has been shown by the testimony as to warrant the interference of a court of equity, and that the trial court was correct in so deciding.

Finally, did the court err in enjoining appellants from violating the restrictive covenant? This question seems to be answered by our first conclusion, stated heretofore. If equity should and does take jurisdiction for the purpose of canceling a restrictive covenant in a deed, it appears to be a corollary that it may and should enforce such restriction by mandatory directions if the conditions have not so changed as to warrant cancellation, and this is especially true where the party is openly defying the covenant. But, aside from this, the great weight of authority is to the effect that equity will entertain jurisdiction and enjoin a threatened violation of a restrictive covenant even in an independent action. See 8 R. C. L., § 178, title "Deeds," page 1117, and cases there cited.

No error appearing, the decree is in all things affirmed.