CITY OF LITTLE ROCK *v.* BENTLEY.

4-6772                                        165 S. W. 2d 890

Opinion delivered October 5, 1942.

(Rehearing granted; opinion delivered
June 29, 1942, withdrawn.)

*Cooper Jacoway* and *R. C. Butler,* for appellant.

*Verne McMillen,* for appellee.

SMITH, J.    Appellee owns two lots at the southwest corner of Markham and Johnson streets in the city of Little Rock. In March, 1937, after she had acquired one of the lots and shortly before she acquired the other, the city passed ordinance No. 5420 (a zoning ordinance).

At the time she acquired these properties there was a residence on each of the lots. A map attached to the zoning ordinance placed the property in the "B" one-family district, the effect of which classification was to forbid the use of the property for business or commercial purposes.

Appellee applied for a permit to construct a store building on the property, which was denied as a violation of the ordinance. A petition for a reclassification was filed, and referred to the city planning commission, which first approved, but later denied, the petition. On an appeal to the city council the petition was again denied, whereupon appellee filed this suit praying the relief which the council had denied.

After hearing much testimony the court made the following findings:

"The court, being well and sufficiently advised, doth find that the city of Little Rock failed to comply with the requirements of § 4 of act 108 of the Acts of 1929. Therefore, ordinance No. 5420 of the city of Little Rock, known as 'The Zoning Ordinance,' is void.

"The court further finds that the business district known as 'Stifft's Station,' adjacent to the property of the plaintiff, was rightfully established; that it is a growing business district, and that by reason of the growth of said district, plaintiff's property has become undesirable for residence purposes; that there is a demand for an expansion of said business district; that the use of plaintiff's property when a store building is erected thereon will not be hurtful in its use to adjacent property except as such proximity necessarily makes the locality less desirable for residence purposes; that, therefore, plaintiff has the right to use said property for business purposes and that any attempt on the part of the defendants to restrict the growth of the business district or to prevent the plaintiff from using her property for business purposes is unlawful and arbitrary and discriminatory.

"It is, therefore, considered, ordered, adjudged and decreed that the defendants, city of Little Rock and R. A.

Boyce, city engineer of the city of Little Rock, Arkansas, be and they are hereby permanently enjoined from interfering with the construction, operation and use of a store building on lots 1 and 2, block 3, C. S. Stifft's addition to the city of Little Rock, Arkansas, and its officers, agents and employees, are permanently enjoined from prosecuting plaintiff or any of her employees or tenants from erecting or occupying the said store building.''

The effect of these findings would be to invalidate the entire ordinance under the holding in the case of *Benton* v. *Phillips,* 191 Ark. 961, 88 S. W. 2d 828, it being there held that compliance with act 108 of the Acts of 1929 was essential to the validity of such an ordinance. But we do not concur in that part of the court's finding. We do think, however, that other findings of fact made by the court are abundantly supported by the testimony, and are certainly not contrary to the preponderance of the evidence.

Our leading case on the subject, and one which we have since consistently followed, is that of *Little Rock* v. *Pfeifer,* 169 Ark. 1027, 277 S. W. 883. That case upheld the power of cities to pass zoning ordinances imposing reasonable regulations of buildings, but it was there said: ''As the size of the business district grows, it ceases to be a residence district to that extent within the purview of the zoning ordinance, and any attempt on the part of the city council to restrict the growth of an established business district is arbitrary. When a business district has been rightly established, the rights of owners of property adjacent thereto cannot be restricted, so as to prevent them from using it as business property.''

Moreover, we are of the opinion that the testimony does not show that the property here in question was zoned as residential property on the map attached to the ordinance when it was passed. The city clerk, Mr. H. C. Graham, testified that the map had been prepared and various districts shown by crayon colors; that after the city engineer returned him the map, it has stayed in his office and the public had access to it; that the crayon markings were not permanent and could be erased; that

the city engineer had a map of the original district, but it was not physically attached to the ordinance, but accompanied it when it was introduced in the council; that he had never certified a copy of the map to the circuit clerk for the reason that he had only the original.

The testimony on the part of appellee is to the effect that she desired to purchase lot No. 2 for the purpose of erecting a store building thereon, but before purchasing the lot she, in company with the agent of the owner having the property for sale, examined the map, and saw that the lot was zoned as business—and not as residential —property. To make this fact entirely certain the agent had the city engineer write a letter reading as follows:

"Department of Public Works

"J. E. McCook, Jr., City Engineer

"May 26, 1937.

"Mr. E. A. McCaskill,

"McCaskill, Inc.,

"Exchange Bank Bldg.,

"City.

"Dear Sir:

"As per your request, be advised that lots 1 and 2, block 3, C. S. Stifft's addition, in accordance with the new zoning ordinance, being ordinance 5420, is zoned for light commercial use, which permits use of this property for retail stores, office buildings, filling stations, etc.

"I trust that this is the information which you desire.

"Yours very truly,

"J. E. McCook, Jr.,

"City Engineer."

If the lot No. 2 was zoned as business property on the map when the ordinance was passed, its character as such would not be changed by alterations of the map made subsequent to the passage of the ordinance. We prefer, however, to predicate our opinion upon the finding of the court below that "plaintiff's property has become undesirable for residence purposes; and that there is a demand for an expansion of said business district. . . ."

If this finding is sustained by the testimony—and we think it is—then a permit should be granted, although the property may have been zoned as residential—and not as business—property when the ordinance was passed.

The power of the courts to review the action of the city council in the classification of property was expressly declared in the Pfeifer case, *supra,* and the existence of that power was reaffirmed in the cases of *City of Little Rock* v. *Sun Building Co.,* 199 Ark. 333, 134 S. W. 2d 583, and *McKinney* v. *City of Little Rock,* 201 Ark. 618, 146 S. W. 2d 167.

The holding that the classification of a particular lot is arbitrary does not affect the validity of the ordinance as to other property the classification of which was not arbitrary. Equally so is this true where property zoned as residential property has ceased to be such.

It was held in the case last cited that the finding of the court upon an application for reclassification of property would not be disturbed where that finding was not contrary to the preponderance of the evidence. Here, the finding of the court is not contrary to the preponderance of the evidence, but is in accordance with it, and the decree will, therefore, be affirmed.