CITY OF LITTLE-ROCK *v.* JOYNER.

4-8362                                    206 S. W. 2d 446

Opinion delivered December 15, 1947.

*T. J. Gentry* and *Frank H. Cox,* for appellant.

*Barber, Henry & Thurman,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, William Joyner, is the owner of the east half of lot 12, block 6, Midland Hills Addition to the City of Little Rock, Arkansas, which is located on the north side of Markham Street immediately west of, and adjacent to the commercial area known as "Stifft Station." Under a city zoning ordinance enacted in 1937 the lot is classified as "B," one-family residence property.

Appellee applied to the city engineer for a permit to construct a commercial building on the property in which he proposed to maintain an electrical supply business. Issuance of the permit was refused on the ground that it would be in violation of said zoning ordinance. Appellee then filed this suit in chancery court against the City of Little Rock, and its officers, praying that the property be reclassified as in the "F" commercial district and that the proper officials be directed to issue the building permit.

The complaint alleged the property was located adjacent to a growing business district, the normal and reasonable expansion of which embraced the lot; that said property is no longer desirable for residence purposes because of the proximity of the commercial district; that the denial of the permit was unreasonable, discriminatory, and oppressive in that it deprived appellee of his property without due process of law in violation of the state and federal constitutions; and that appellee had no adequate remedy at law.

The answer of the city denied the allegations of the complaint and further alleged that, in enacting the zoning ordinance, consideration was given to the fact that the property was subject to a covenant which appears in all deeds from the grantors who formed the addition, restricting the use of all property therein to residential purposes and forbidding the erection of any residence costing less than $2,500.

On the trial of the issues appellee offered the testimony of C. E. Faulhaber, J. D. Walthour and A. W. Sloss, three witnesses of long experience in the real estate business. The effect of their testimony is that the property involved is situated adjacent to a well established business district which has expanded in a westerly direction to the point where appellee's property is located; that the property is no longer desirable as residence property and would be much more valuable as business property. Commercial buildings are located on both sides of Markham Street east of appellee's lot, and the property immediately across the street from appellee's lot has been rezoned for commercial use. Appellee's home is located on the west portion of his lot and the building which he plans to erect will adjoin his residence on the east side. The east side of the structure proposed by appellee will border on an alley which separates his lot from a grocery store building. The witnesses were positive that the erection of the store building would not be detrimental to adjacent property in the addition. None of the other property owners in the area has registered any complaint against the proposal to rezone the property.

The only evidence offered to dispute this testimony was that of the engineer-director of the City Planning Commission who, according to a stipulation, would testify, if present, that there is no need for expansion of the Stifft Station business area; and that if appellee's property is rezoned, it would decrease the value of surrounding residential property, insofar as rezoning for commercial purposes would ordinarily decrease the value of the surrounding property.

The chancellor entered a decree rezoning the property by placing it in the "F" commercial classification and directing the issuance of the building permit sought by appellee. The court also cancelled the restrictive covenant contained in the deed from the grantors who formed the addition, and all subsequent similar covenants pertaining to the property in question.

As previously stated, appellee's lot is situated across the street from lots which have been rezoned for commercial purposes. The property across the street is known as the Bentley property and extends farther west-ward than does the lot of appellee. In the case of *City of Little Rock* v. *Bentley,* 204 Ark. 727, 165 S. W. 2d 890, this court upheld the action of chancery court in declaring the zoning ordinance void as applied to the Bentley property, and in enjoining interference with its use for commercial purposes. The power of courts to review the action of municipal authorities in the classification of property was reaffirmed and the leading case of *Little Rock* v. *Pfeifer;* 169 Ark. 1027, 277 S. W. 883, was cited in support of the rule that an unreasonable and arbitrary restriction imposed by the zoning authority may be set aside by the chancery court. In the Bentley case the court also reaffirmed the following statement appearing in the Pfeifer case: "As the size of the business district grows, it ceases to be a residence district to that extent within the purview of the zoning ordinance, and any attempt on the part of the city council to restrict the growth of an established business district is arbitrary. When a business district has been rightly established, the rights of owners of property adjacent thereto cannot be restricted, so as to prevent them from using it as business property."

Other cases in which the ordinance under consideration has been before this court are, *City of Little Rock* v. *Sun Building & Developing Co.,* 199 Ark. 333, 134 S. W. 2d 583; *McKinney* v. *City of Little Rock,* 201 Ark. 618, 146 S. W. 2d 167; and *City of Little Rock* v. *Williams,* 206 Ark. 861, 177 S. W. 2d 924. The finding of the chancery court on the question whether the classification of

the property by the zoning authorities is unreasonable and arbitrary has been uniformly upheld where it is supported by the preponderance of the evidence. The finding of the chancellor in the instant case that the normal expansion of the business district necessitates the revision of a classification that has become unreasonable and arbitrary, as applied to the property of appellee, is fully supported by the preponderance of the evidence and will not be disturbed.

It is also insisted that the chancellor erred in cancelling the restrictive covenant placed in the deed from the grantors who formed the addition, and by its terms restricts the use of the property to residential purposes. Appellants rely on the case of *Storthz* v. *Midland Hills Land Co.*, 192 Ark. 273, 90 S. W. 2d 772, where this court upheld the decree of the chancery court in refusing to cancel the same provision in a deed. In a discussion of the question whether such covenants are subject to cancellation in equity, the court said: ''Adverting to the first query of law, we conclude that the weight of authority is to the effect that equity will and should entertain a bill which has the purpose of cancelling a restrictive covenant in a deed as a cloud upon title wherein it is alleged that the conditions surrounding the property have so changed as to utterly destroy its value for the purpose for which the restriction was promulgated to prevent, and that this change of conditions is due to no fault on the part of the petitioner and will work no irreparable injury to others. *Osius* v. *Barton*, 109 Fla. 556, 147 So. 862, 88 A. L. R. 394; *Rector* v. *Rector,* 130 App. Div. 166, 114 N. Y. S. 623; *McArthur* v. *Hood Rubber Co.*, 221 Mass. 372, 109 N. E. 162; Tiffany on Real Property, §§ 1425, 1457 and 1458; 18 C. J. 402.

''Stated another way, equity should entertain jurisdiction to cancel a restrictive covenant in a deed where it would be oppressive and inequitable to give the restriction effect as where the enforcement would have no other result than to harass or injure the one without accomplishing the purposes for which originally made.''

The testimony in the case at bar shows that conditions surrounding the property upon which appellee proposes to build have changed since promulgation of the restriction to the extent that its utility for residential purposes has been materially impaired, if not wholly destroyed, by the natural development of the business district. The same showing was made in the Storthz case, but it was further shown in that case that the property was situated across the street from, and faced, a well developed residential section and many property owners asserted a grave and irreparable injury to their homes if the restriction were removed. Appellee's lot faces property across the street which is zoned for commercial use and there is no proof of injury to surrounding residential property, nor has any property owner complained of the reclassification decreed by the chancellor. On the contrary, the preponderance of the evidence is to the effect that commercial use of appellee's property will be beneficial, and not harmful, to surrounding property. Under this state of facts enforcement of the restrictive covenant would be oppressive and inequitable in that appellee would be deprived of the logical use of his property without accomplishing the purposes for which the covenant was originally made. We conclude, therefore, that no error was committed in cancellation of the restrictive covenant as applied to appellee's property insofar as the parties to this suit are concerned. The finding on this issue would not be applicable to persons or corporations, if any, not properly made parties to this suit.

Appellants also argue that appellee did not exhaust his administrative remedy by applying to the Board of Adjustment as required by § 18 of the zoning ordinance before institution of the present suit. According to a stipulation of the parties, appellee filed a petition for reclassification with the board after institution of his suit, but action thereon was refused pending the outcome of the instant proceeding. It was further stipulated that any part of the ordinance might be used as evidence by either party at the trial, but that part of the ordinance which sets out the administrative relief afforded a prop-

514

erty owner has not been introduced in evidence and is not before us. This court does not ordinarily take judicial notice of municipal ordinances. *City of Malvern* v. *Cooper,* 108 Ark. 24, 156 S. W. 845; *Lowe* v. *Ivy,* 204 Ark. 623, 164 S. W. 2d 429. It is the general rule that one seeking to restrain the regulation of a board or commission should first exhaust his remedy at law where that remedy is adequate. 28 Am. Jur., Injunctions, § 266. An attempt to obtain a building permit and exhaust the remedies provided by a zoning ordinance is not a prerequisite to a suit to enjoin enforcement of the ordinance on the ground that it is invalid in its entirety. *Euclid* v. *Ambler Realty Co.,* 272 U. S. 365, 71 L. Ed. 303, 47 Sup. Ct. 114, 54 A. L. R. 1016. Since we are not apprised of the nature of the administrative relief provided in the ordinance in the instant case, we are unable to determine whether appellee failed to exhaust his administrative remedy and brought his suit prematurely.

No error appearing, the decree is affirmed.