CITY OF LITTLE ROCK *v.* EVANS.

4-8517                                                   212 S. W. 2d 28

Opinion delivered May 24, 1948.

Rehearing denied July 5, 1948.

*T. J. Gentry* and *Frank H. Cox,* for appellant.

*Cooper Jacoway* and *Edward E. Stocker,* for appellee.

SMITH, J. This case involves the use that may be made of a certain lot under the zoning ordinance of the City of Little Rock.

Blocks 9 and 10, S. J. Johnson's Addition to the City of Little Rock, Arkansas, are bounded on the west by Washington Street and on the east by Peyton Street. They are separated by Fifteenth Street.

Appellee, G. C. Evans, Sr., owns the north half of block 10, which is on the south side of Fifteenth Street. The east 150 feet of this frontage is zoned "I" Light Industrial under the City's zoning ordinance for a depth of 47 feet. The remaining and west 73 feet of the Fifteenth Street frontage is zoned as "K" Heavy Industrial to a depth of 140 feet. Appellee also owns the 73-foot frontage on the north side of Fifteenth Street directly across the street from the "K" Heavy Industrial area. This north 73 feet is described as lots 6 and 7, block 9, S. J. Johnson's Addition; is zoned as being in the "B" One Family District; and is the subject matter of this action.

Appellee is in the business of manufacturing automatic heating equipment, a business he began in 1935 in a small building behind his home on the north half of block 10, and he still resides at that address. At his instance a portion of lot 10 was rezoned to permit the erection and operation of his plant in that block. His business prospered and grew until he now employs forty or more persons. He bought two lots in block 9 directly across Fifteenth Street, opposite his plant, and applied for and obtained a permit to erect, on this block 9, a small building to be used for storage purposes. That property had, pursuant to the zoning ordinance, been placed in zone "B" or the One Family District. He did not remove the building at the expiration of the 90-day permit and received orders from the City Engineer to do so. Instead of removing the building he filed suit in the chancery court to enjoin the City from interfering with his use of the building, and he offered much testimony that the property on which he had erected his storage building had ceased to be residential property. His contention was sustained and the City was enjoined from interfering with his occupancy of the building for storage purposes.

We do not pass upon the correctness of this ruling as a matter of fact, for the reason that appellee has by-passed the zoning ordinance without any attempt to comply with its provisions. Appellee knew that block 9 had been zoned as "B" one family residence property, and had applied for and had obtained permission to violate the ordinance for a period of 90 days, at the expiration of which time instead of removing his building, the erection of which was in violation of the zoning ordinance, he sought to enjoin the City from enforcing compliance with the ordinance.

Upon the authority of the case of *City of Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446, and the even more recent case of *City of Little Rock* v. *Griffin, ante,* p. 465, 210 S. W. 2d 915, the decree granting appellee the relief prayed by rezoning block 9 must be reversed, and the cause will be dismissed as having been prematurely brought, but without prejudice to any future action he may take as required by the zoning ordinance.

In the case first cited the property owner who sought to have his property rezoned by order of the chancery court, applied to the City Engineer for a permit to erect a commercial building on property in a residential district zone, and when the permit was refused he applied to the chancery court, praying that his property be reclassified as being in a commercial district zone. He was granted the relief prayed and from that decree the City appealed. It was there argued that the property owner had not exhausted his administrative remedy by applying to the Board of Adjustment, as required by § 18 of the zoning ordinance before instituting his suit. This question was disposed of on the ground that the zoning ordinance had not been offered in evidence and that in its absence from the record, we could not take judicial cognizance of its provisions. It was there said: "It is the general rule that one seeking to restrain the regulation of a board or commission should first exhaust his remedy at law where that remedy is adequate. 28 Am. Jurs., Injunctions, § 266." It was said, however, "An attempt to obtain a building permit and exhaust the remedies provided by a

zoning ordinance is not a prerequisite to a suit to enjoin enforcement of the ordinance on the ground that it is invalid in its entirety.'' It was not insisted in that case, nor in this, that the ordinance is void in its entirety.

In the instant case we do have in the record the zoning ordinance and it is not contended that any attempt was made to comply with § 18 thereof, and in the Griffin case, *supra,* it was said that, ''Such remedies (that is, those provided by the ordinance) should have been exhausted before recourse was had in the courts.''·

This subject is annotated in the notes to the case of *People of the State of New York* v. *Calvar Corp.,* 286 N. Y. 419, 36 N. E. 2d 644, 136 A. L. R. 1376. There the Court of Appeals of New York reviewed the right of a property owner for a reclassification of his property and it was there said:

''Refusal to grant such a permit in proper case, if not reviewable by the courts, might result in unlawful deprivation of the defendant's property. There has been no such deprivation until there has been application for a permit and unreasonable refusal and a statute does not violate the Constitution where it does not deprive an owner unreasonably of his property if the statute is properly administered in accordance with its terms. *Dowsey* v. *Village of Kensington,* 257 N. Y. 221, 177 N. E. 427, 86 A. L. R. 642.

''Perhaps there has already been application and denial in this case, but that does not appear from the record and the appellants are not asking here a review of any determination by the Board of Appeals denying such an application. Only in proceedings brought to review such a determination, if made, could the court review the action of the Board, or determine whether the ordinance has been administered in manner so unreasonable that enforcement would constitute an unlawful taking of the defendants' property.''

For the reason that the property owner has not exhausted his administrative remedies and is not asking a

review of any order of the Adjustment Board, the cause must be dismissed and it is so ordered, but without preju-dice to any future action appellee may be authorized to take under the ordinance.

MILLWEE, J., not participating.