CITY OF LITTLE ROCK *v.* HUNTER.

4-9152                                    228 S. W. 2d 58

Opinion delivered March 27, 1950.

*T. J. Gentry* and *Frank H. Cox,* for appellant.

*E. R. Parham,* for appellee.

DUNAWAY, J.   The Pulaski Chancery Court held that the ''Zoning Ordinance,'' Ordinance 5420, of the City of Little Rock, Arkansas, was void insofar as it applies to appellees' property, and permanently enjoined the City and its officials ''from in any manner interfering with plaintiffs in the use of said property under the provisions, terms or restrictions contained in said Ordinance No. 5420.''   The City of Little Rock, the Building Commissioner and Chief of Police have appealed.

Under the provisions of the Zoning Ordinance, which became effective March 17, 1937, appellees' property at 119 South Schiller Street (described as Lot 5, Block 5, Plunkett's Second Addition to the City of Little Rock) was classified or zoned as ''B Residence'' and limited to one-family residence use.

On April 8, 1942, the Hunters filed an action in the Pulaski Chancery Court in which they alleged that the general use of the property in the neighborhood was not in conformity with a ''B Residence'' classification, and that the council action in so zoning this property was arbitrary, unreasonable and an abuse of discretion which operated to deprive them of the use of their property without due process in violation of the Federal and State Constitutions.   They further alleged that prior to filing the action they had petitioned the City Council to re-

classify the property in conformity with the general neighborhood use; that the petition had been approved by the City Planning Commission, but that the Council refused to amend the ordinance to make the recommended modification. The court, after hearing the evidence, found that numerous duplex apartments had been constructed in the vicinity and enjoined the City of Little Rock from interfering with the construction of a proposed duplex or the use and occupancy thereof, as prayed by the Hunters. The City did not appeal from this decree of February 25, 1943.

The duplex was constructed, and sometime thereafter the Hunters added a third apartment in the basement of said building without obtaining the required building permits and without petitioning the City Council to rezone the property.

On April 28, 1948, the City Engineer granted the Hunters a permit to construct on said premises a residential garage with servants' quarters and storage rooms on the second floor, a permissible use within the terms of the Zoning Ordinance. In violation of the ordinance, however, a four-room garage apartment was constructed and rented. For Mr. Hunter's action in renting this garage apartment contrary to the provisions of the Zoning Ordinance, the City caused his arrest.

The Hunters thereupon instituted the present suit in the Pulaski Chancery Court to restrain the City from interfering with this use of their property and to enjoin the Chief of Police from making any arrests based on violations of the Zoning Ordinance. The original complaint alleged in substance that property in the neighborhood was largely devoted to use in operation of stores, shops, apartments and residences converted to occupancy by more than one family, and that the attempt to limit appellees' use of their property was arbitrary, capricious and discriminatory; that it deprived them of their property without due process and that the ordinance was void. By amendment on the date of trial of the cause, it was further alleged that

under the decree of February 25, 1943, in the earlier action the Zoning Ordinance was void as to the Hunter property, and that said property was not subject to any of the provisions of the ordinance.

The trial court held the classification of appellees' property, in view of the general characteristics of the neighborhood, arbitrary, capricious and discriminatory, and hence void. The Chancellor further held that the effect of the 1943 decree was to void the entire ordinance as far as it related to appellees' property, and granted the permanent injunction herein-above set out.

Appellants rely on three contentions for a reversal: (1) Appellees did not first exhaust their administrative remedies before resorting to the chancery court and the court therefore had no jurisdiction of the cause; (2) The finding of the trial court as to the character of the neighborhood was against the preponderance of the evidence; (3) The court erred in holding the Zoning Ordinance void as to appellees' property and relieving said property from *all* provisions of the ordinance.

Ordinance No. 5420 of the City of Little Rock has been considered by this court on numerous occasions and its validity upheld. It is also well settled that as to particular lots the courts may declare the Zoning Ordinance void upon a proper showing that its application is arbitrary, unreasonable and discriminatory. The cases are fully cited in *City of Little Rock* v. *Griffin,* 213 Ark. 465, 210 S. W. 2d 915. Before the courts will invalidate the classification made by the Zoning Ordinance, however, it is necessary for the property owner first to exhaust his administrative remedies in seeking the zoning re-classification which he contends the facts demand. Until this is done, an action for injunctive relief is prematurely brought. *City of Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446; *City of Little Rock* v. *Griffin, supra*; *City of Little Rock* v. *Evans,* 213 Ark. 522, 212 S. W. 2d 28.

The Zoning Ordinance, which was introduced in evidence by the City, provides that property may be reclassi-

fied by the City Council upon petition filed by the property owner after fifteen days notice published in a newspaper, and after the petition has been submitted to the City Planning Commission for its recommendation and report. Appellees did not seek a reclassification of their property to permit the construction of the two additional dwelling units, but proceeded without any attempt to comply with the provisions of the ordinance.

Unless the 1943 decree voided any application of the Zoning Ordinance to appellees' property the decree herein appealed from by the City must be reversed. The earlier decree did not in terms nor by inference declare the ordinance *void* as to the property in question. As already quoted in this opinion, it enjoined the City from interfering with appellees' construction and use of a duplex apartment. Although the decree did not specifically so state, the effect of this was to permit the use of appellees' property for a "C" two-family dwelling, under the zoning classification.

Under the Zoning Ordinance the various classifications not only regulate the number of family dwelling units which may be constructed, but determine the permissible height of buildings and minimum lot area requirements. A finding by the court that a two-family dwelling on appellees' property would be in keeping with general neighborhood use, would certainly not justify the conclusion that the property owner might then on his own initiative give his property a multiple-family dwelling classification, and build as many structures as he chose without regard to the valid provisions of the ordinance concerning height and area requirements. The health and safety of the public would be completely ignored by such a holding, as well as the rights of adjoining property owners.

When appellees desired to depart even further from the limitations of the Zoning Ordinance than allowed by the 1943 decree, they should have pursued the remedy provided by the ordinance and sought a reclassification of their property. If this had been sought and refused, the chancery court could then have passed upon the question

of whether the action of the Planning Commission and City Council was arbitrary and unreasonable.

Since we hold that appellees' action was prematurely brought it is unnecessary to pass upon the correctness of the Chancellor's finding as to the character and general use of property in the neighborhood under consideration. The decree is reversed and the cause dismissed, but without prejudice to any further action appellees may bring after properly pursuing their administrative remedies.