CITY OF LITTLE ROCK *v.* STANNUS.

4-9516                                    239 S. W. 2d 283

Opinion delivered May 14, 1951.

O. D. *Longstreth, Jr., Dave E. Witt, Wm. J. Kirby* and *Joseph Brooks,* for appellant.

*Verne McMillen* and *H. B. Stubblefield,* for appellee.

MINOR W. MILLWEE, Justice. Appellees own the west half of the north half of Block 1, Moore and Penzel's Addition to the City of Little Rock, Arkansas, upon which they propose to erect a modern one-story grocery, or supermarket, with off-street parking facilities. The property is located on the south side of Wright Avenue between Wolfe and Battery Streets and is classified as "C," two-family residence district, under a city ordinance. After exhausting all administrative remedies to have the property reclassified in the "F," commercial district, appellees instituted this suit against appellants, the City of Little Rock and its officers, seeking such relief.

J. C. Childress, who owns residential property south of and adjacent to appellees' lots, was allowed to intervene as a co-defendant in the suit. He alleged that a rezoning of appellees' property would decrease the value of his property and adopted the answer of the city and its officers, but has not appealed from the decree rendered in favor of appellees. The chancellor found that appellants acted arbitrarily and unreasonably in denying the relief sought and ordered issuance of the building permit to appellees.

The proposed supermarket will front upon Wright Avenue, a heavily traveled interstate and intrastate truck route through the City of Little Rock. The building will be constructed on the east lots owned by appellees with an off-street parking area to the west at the southeast corner of Wright Avenue and Battery Street and with a screening hedge along a rock wall four feet high which separates appellees' property from the residential property of J. C. Childress facing Battery Street on the south.

Dr. B. T. Kolb owns and occupies his home and office on the property directly across Battery Street west of

appellees' property. He testified that the proposed building would be a definite improvement over the present appearance of appellees' lots and the area generally. The property adjacent to appellees' property on the east is zoned for commercial use. There is a filling station further east in the same block at the southwest corner of Wright Avenue and Wolfe Street, which has been in operation since 1925, as authorized by the decision in *Herring* v. *Stannus*, 169 Ark. 244, 275 S. W. 321. The north side of Wright Avenue directly across the street from the property in question is built up with commercial properties consisting of a garage and battery shop, grocery store and drug store which have been in operation for more than twenty years. The rental agent for a large dwelling adjacent to these business houses on the west testified that in normal times it was difficult to rent the property because the traffic and noise made it undesirable for a residence, and that it would rent for twice as much if located away from the business section. There are business houses on both sides of Wright Avenue in the adjacent blocks to the east and a picture show and grocery have been built on the south side within the past ten years.

It is unnecessary to detail the testimony given by real estate experts, businessmen and residents of the affected area. The preponderance of this evidence is to the effect that appellees' property is located in a well-established business district which is expanding westward, that it has a high value for commercial use, is undesirable for residential purposes, and that its intended use as a site for a supermarket in the manner planned would not adversely affect the use or value of residential property in the vicinity. It was also shown that there has been a substantial increase in residential construction in that section of the city in the past few years which has resulted in an existing need for the type of business contemplated by appellees.

In many respects the facts in the case at bar are similar to those in several cases where we upheld the chancery court in holding that the action of municipal authorities in refusing to revise a zoning classification

and in denying a building permit was unreasonable and arbitrary. See *City of Little Rock* v. *Pfeifer,* 169 Ark. 1027, 277 S. W. 883; *City of Little Rock* v. *Bentley,* 204 Ark. 727, 165 S. W. 2d 890; *City of Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446; *City of Blytheville* v. *Lewis, ante,* p. 83, 234 S. W. 2d 374.

Appellants' principal contention for reversal is that construction of the supermarket will result in such increase of traffic as to endanger the lives and property of citizens of the southwestern section of the city. In this connection the captain of the city traffic bureau testified that any new business construction in or near the intersection of Wright Avenue and Battery Street would naturally bring in more people and cars and cause traffic to be more congested at that point. He would not say that it would cause as much congestion in traffic as that existing at some other intersections in the city, nor did he state that a dangerous condition would be created. The City Planning Director gave similar testimony and stated that the 135-foot off-street parking area contemplated was three feet less than standard. Intervener, J. C. Childress, felt that the construction of the supermarket would interfere with the movement of fire trucks over Battery Street which has a 90-foot offset where it intersects with Wright Avenue. The effect of the testimony on behalf of appellees was that all traffic entering Wright Avenue at this point must slow down in order to make the sharp turn necessitated by the 90-foot offset and that the off-street parking area west of the proposed supermarket will leave the southeast corner of the intersection free of obstruction and thereby render the intersection safer for all traffic.

The testimony as a whole does not warrant the conclusion that the lives and properties of the inhabitants' of the southwestern section of the city would be jeopardized by the erection of the business contemplated by appellees. The decree is supported by the preponderance of the evidence and is accordingly affirmed.