STRICKLAND *v.* LITTLE ROCK.

Opinion delivered December 15, 1900.

RESISTING POLICE OFFICER—EVIDENCE OF DUTIES.—A conviction of violating a city ordinance against resisting any member of the police department in the discharge of his duties will not be sustained by proof that defendant prevented a sanitary policeman from examining his premises where no proof was offered showing the powers and duties of such policeman. (Page 484.)

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

*Fulk, Fulk & Fulk*, for appellant.

Evidence which does not tend to prove any issue is inadmissible. 57 Ark. 512. Incompetent evidence is prejudicial where the verdict is otherwise slightly supported. 51 Ark. 509; 14 Ark. 502. If a defendant indicted for resisting an officer can prove that he was ignorant that the party resisted was an officer, this is a defense for such resistance. 1 Whart. Cr. Law, 649; 32 N. Y. 509; 38 Pa. St. 265; 76 N. C. 10; 26 Texas, 119. Resistance must be to the service or execution of or the attempt to serve or execute some writ or process. Sand. & H. Dig., § 1826. A police officer is a creature of the statute, and can only exercise such powers as he is authorized to exercise. 86 N. C. 684; Whart. Cr. Law, 651; 30 'Ga. 426. Arrests cannot be made without due process of law, except where public security requires it. 41 Mich. 300. To search without a warrant and with force and arms is an offense. 31 Ark. 44; 1 Whart. Cr. Law, 646. Resistance is justifiable if the officer has no warrant. Bish. New Cr. Law, vol. 1, 440. To constitute the offense, there must be some overt act of obstruction. 1 Whart. Cr. Law, 649; 37 Wis. 196; 3 Wash. 335. The words of a penal statute ought not be extended beyond what they will fairly and reasonably bear. Bish. Stat. Cr. 216; 37 Wis. 196.

*W. J. Terry*, for appellee.

The law imposed the duty of searching appellant's premises. Sand. & H. Dig., §§ 5286–5203. Greater authority and privileges are extended to a sanitary officer than ordinary police officers. Dillon, Mun. Corp. § 145. Where the instructions do not appear in the record, the presumption is the verdict is in accord with them. 31 Ark. 196; 4 Ark. 87; 2 Ark. 14.

BATTLE, J. William Strickland has appealed from the judgment of the Pulaski circuit court, wherein he was fined for interfering with a police officer of the city of Little Rock while in the discharge of his official duties. The prosecution for the offense originated in the Little Rock police court. The facts are, substantially, as follows: B. S. Farrow, a sanitary policeman of the city of Little Rock, in this state, was instructed to examine the premises of appellant. He went to his shop at 908 Main street, in said city; went into the alley behind the shop, and there saw four sheep in a stable. He went away, and in about an hour he returned, and found the four sheep were gone. He went to the front, and tried to get into the back room of the shop, in order to examine for "signs of slaughtered sheep." Strickland stepped in front of him, and said: "You can't go in there." He went away, and afterwards returned with two other policemen, and was admitted into the shop, and "found four sheep, just killed, hanging in front."

An ordinance of the city was read as evidence in the trial, and is as follows: "Whoever in the city shall resist any member of the police department in the discharge of his duty, or shall in any way interfere with or hinder or prevent him from discharging his duty as such member of the police department, or shall offer or endeavor so to do, shall be fined not less than $10 nor more than $25." The powers and duties of the sanitary policeman were not shown in the evidence. No ordinance of the city defining such powers and duties were read. If such ordinances were in existence, the circuit court or this court cannot take judicial notice of them. It follows then that the evidence fails to show that the appellant interfered with the policeman in the discharge of his duties.

The statutes of this state empower cities to prevent "injury

or annoyances within the limits of the corporation from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated within the jurisdiction given to the board of health;" and to prevent or regulate the carrying on of any trade, business or vocation dangerous to morals, health or safety within the corporate limits; and to create a board of health, with jurisdiction for one mile beyond the city limits, and for quarantine purposes,. in case of epidemic, five miles, and to invest with such powers and impose upon it such duties as shall be necessary to secure the city and the inhabitants thereof from the evils of contagious and malignant and infectious diseases. (Sand. & H. Dig., §§ 5132, 5203, 5313.) The evidence totally fails to show that the city of Little Rock has ever exercised these powers.

Reversed and remanded for a new trial.