GARDNER *v.* STATE.

Opinion delivered October 15, 1906.

1. PERJURY—EFFECT OF IRREGULARITIES.—An indictment for perjury which charges defendant with having testified falsely concerning a material matter in a judicial proceeding pending in the police court wherein defendant was charged with disorderly conduct and with having carried a pistol as a weapon is not demurrable because the offenses were improperly joined in the police court, as mere irregularities in the exercise of jurisdiction do not prevent the giving of false testimony from being criminal. (Page 266.)

2. SAME—VARIANCE.—Where an indictment for perjury alleged that the false swearing was done in a prosecution for disorderly conduct and carrying a pistol, and the proof showed that the prosecution in question was for disorderly conduct, the variance was immaterial. (Page 266.)

3. SAME—ILLEGAL ARREST.—False swearing of defendant in a criminal prosecution may constitute perjury, though the arrest of defendant in such prosecution was improperly made. (Page 267.)

4. SAME—MATERIALITY OF TESTIMONY.—Where an indictment for perjury alleges that defendant swore falsely while on trial for violating a city ordinance against disorderly conduct, the State must show that such conduct was an offense under an ordinance of the city, in order to show that the alleged false testimony was material. (Page 268.)

5. EVIDENCE—MUNICIPAL ORDINANCE.—On a trial for perjury alleged to have been committed in a prosecution for violation of a city ordinance,

the existence of such ordinance must be proved, as the courts can not take judicial notice of its existence and scope. (Page 268.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

*Robert L. Rogers, Attorney General,* for appellant.

Confesses error in the refusal of the court to give the eighth instruction asked by the defendant.

*Brizzolara & Fitzhugh,* for appellee.

1. Since the indictment charges that the defendant was being tried upon both the charge of disorderly conduct and of carrying a pistol as a weapon, this was descriptive of the offense, and the State was bound to prove that defendant was on trial on such charges at the time the alleged false testimony was given. 36 Ark. 55; 45 Ark. 62; 22 Ark. 251; 30 Ark. 131; 36 Ark. 188.

2. It is conclusively shown that the defendant was being tried for disorderly conduct at the time the false testimony was given, yet no ordinance was proved, nor that disorderly conduct was made an offense by any ordinance; neither was there proof that carrying or brandishing a pistol was a violation of any ordinance. City ordinances must be proved, as other facts. Kirby's Digest, § 3066; 66 Ark. 535. Hence instruction No. 8 asked by defendant should have been given.

3. Defendant's arrest and trial in the police court were illegal and void. The alleged offense not having been committed in the presence of the police officer, he had no authority to arrest defendant without a warrant of arrest delivered to him. Kirby's Digest, § 2119. Prosecutions in police courts must be by summons or warrant of arrest, wherein is stated in general terms the offense alleged to have been committed. *Ib.* § 2081. See, also, § § 2009 and 2010. For jurisdiction of police courts, see *Ib.* § 2083. They are courts of record. *Ib.* § § 5626-5634.

McCULLOCH, J. Appellant, L. F. Gardner, was indicted for the crime of perjury, and from a judgment of conviction he appeals to this court. The Attorney General confesses error.

The indictment charged appellant with having testified falsely concerning a material matter in a judicial proceeding pending in the police court of Fort Smith wherein said city of Fort

Smith was plaintiff and said Gardner was defendant "charged with having been guilty of disorderly conduct and with having carried a certain pistol as a weapon in said city of Fort Smith."

The evidence shows, both by the record of the police court and by the oral testimony of witnesses, that appellant was arrested by a police officer of the city and taken before the police court, where he was put on trial for the offense of disorderly conduct in violation of an ordinance of the city; that the testimony introduced on the part of the plaintiff in that trial tended to show that appellant was guilty of disorderly conduct on a railroad passenger train inside the city limits, and that he had a pistol which he drew and brandished; that he testified in his own behalf as a witness, and denied all of said charges, whereupon the police judge suspended said trial, and caused appellant to be surrendered to the State authorities to be prosecuted on this charge of perjury.

Appellant demurred to the indictment, and it is urged that the demurrer should have been sustained, on the ground that the indictment alleges that appellant was on trial before the police court for two separate offenses, viz., disorderly conduct and carrying a weapon, at the time he testified falsely. If we concede that the indictment charges that appellant was being tried for two separate offenses at the same time, it does not follow that he could not be guilty of perjury for testifying falsely concerning a material matter in such irregular trial. If the police court had jurisdiction of the two offenses, even though they were improperly joined in the same proceedings, willful and corrupt false swearing to a material matter in the cause would make the crime of perjury complete. It is only where the court has no jurisdiction of the cause that the giving of such false testimony is not criminal. *Buell* v. *State,* 45 Ark. 336. Mere irregularities in the proceedings do not prevent the giving of false testimony from being criminal. 2 Bishop, Cr. Law, § 1028; *Maynard* v. *People,* 135 Ill. 416; *State* v. *Lewis,* 10 Kan. 157; *State* v. *Peters,* 107 N. C. 876; *State* v. *Lavalley,* 9 Mo. 824; *State* v. *Rowell,* 2 Vt. 28; *Reg.* v. *Meek,* 9 C. & P. 513.

Nor can we agree with the contention of counsel for appellant that the language of the indictment alleged two offenses charged against the defendant in the proceedings in the police

court, and that the same was descriptive of the offense of perjury, and must be strictly proved, as alleged. In other words, that it is alleged that in the proceedings in which the false testimony was given the defendant was charged with two offenses—disorderly conduct and carrying a weapon—and that it devolved upon the State to prove it, whereas the proof shows that he was cn trial for only the offense of disorderly conduct. This position is untenable. The purpose of the part of the indictment descriptive of the offense is to fully apprise the accused of the charge made against him, and to protect him from a second prosecution for the same offense. 1 Bishop, Cr. Proc. § 507. Our statute provides that "no indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." Kirby's Digest, § 2229. And the statute in reference to the crime of perjury provides that in indictments for that offense "it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath or affirmation was taken, averring such court or person to have competent authority to, administer the same, together with the proper averments to falsify the matter wherein the perjury is charged or assigned, without setting forth any part of the record," etc. Kirby's Digest, § 1970. Now, the indictment in this case sets forth with particularity the offense charged and the time, place and manner of its commission. It alleges that the false testimony was given in a certain judicial proceeding pending on a certain day before the police court of the city of Fort Smith wherein said city was plaintiff and said Gardner was defendant. The only variance, if any, between the allegations and the proof is that the proof shows the accused was on trial for disorderly conduct, whereas the allegation of the indictment is that he was tried for disorderly conduct and carrying a pistol. The variance was immaterial, and did not affect the substantial rights of the defendant. It was not calculated to mislead him, and the trial upon this indictment and proof operated as a bar to another prosecution for the crime of perjury for giving false testimony in the judicial proceeding described in the indictment.

It is contended that the police court had no jurisdiction be-

cause the offense or offenses for which the defendant was on trial were not committed in the presence of the officer who made the arrest, and that no information was filed against the defendant nor warrant issued. Counsel argue that, under the statutes of this State, a police officer has no authority to make arrests without warrants for violations of city ordinances, except where the offense is committed in his presence; and that the offender against such ordinances can not be tried on oral charges except when the arrest is made by an officer in whose presence the alleged offense was committed. If the correctness of that contention should be conceded, still the police court had the power to hear and determine the question whether an offense had been committed, and, if so, whether or not it had been committed in the presence of the officer so as to authorize an arrest and prosecution without warrant. So the giving of false testimony in such case would be perjury, even though it subsequently appeared that the arrest was improperly made. We do not mean to intimate that a police officer has no power to make an arrest except for offenses committed in his presence. We do not find it necessary to consider that question in this case.

The defendant asked, and the court refused to give, the following instruction to the jury. "8. There is no evidence in this case that disorderly conduct is made a criminal offense by the ordinances of the city of Fort Smith, and you have no right to presume that such conduct on the part of the defendant was a criminal offense. You should therefore acquit the defendant, although you may believe that he swore falsely as to his conduct on said occasion." This instruction should have been given. The State offered no evidence showing that any ordinance of the city of Fort Smith prescribed a penalty for disorderly conduct. The indictment alleged, and the proof showed, that the accused was on trial for violation of a city ordinance when the false testimony was given. It was therefore essential, in establishing the materiality of the false testimony, to show that disorderly conduct was an offense under the ordinances of the city, for, if there was no valid ordinance creating such offense, the trial in the police court was unauthorized, and the false testimony was not material. *Buell* v. *State,* 45 Ark. 336.

The existence of such an ordinance must be proved like any

other fact, as the courts can not take judicial notice of its existence and scope. *Strickland* v. *Little Rock,* 68 Ark. 483; 16 Cyc. p. 898, and cases cited.

Reversed and remanded for a new trial.