SKILES v. STATE.

Opinion delivered October 31, 1921.

1. ANIMALS—STOCK LAW DISTRICT—ELECTION.—Where a special act creating a stock-law district provided that the act should not be in force until approved by a majority of the electors, and that the election commissioners should file with the county clerk a certificate showing the result of the election, in a prosecution for permitting stock to run at large in violation of the act, it was not competent for defendant to prove by parol evidence that the election was not held as prescribed by the statute, as the certificate of the election commissioners is the best evidence of the adoption of the law by the voter, and is not subject to collateral attack.

2. ANIMALS—STOCK LAW DISTRICT—BOUNDARY FENCE.—Under special act No. 657 of 1919 creating a stock-law district in Randolph County, the operation of the district is not made to depend upon the construction of a boundary fence.

3. EVIDENCE—JUDICIAL NOTICE OF SPECIAL STATUTE.—The adoption of the terms of a special statute by an election of the people is a matter of which the court takes judicial notice.

4. EVIDENCE—JUDICIAL NOTICE OF MUNICIPAL ORDINANCE.—The court cannot take judicial notice of the ordinances of a municipal corporation.

Appeal from Randolph Circuit Court; *D. H. Coleman*, Judge; affirmed.

*Pope & Bowers,* for appellant.

Act 657 of 1919 is not in effect, and the penal provisions thereof could not be violated for two reasons: first, the fence required to be built before the taking effect of the act has never been built; second, no election was ever held as provided by sec. 44 of the act.

The burden was on the State to allege and prove that the fence had been built. A proviso in the enacting clause of a statute must be negatived in the indictment,

and such negative allegation sustained by proof. 77 Ark.
139. Must also be construed in connection with the sec-
tion of which it is made a part. Lewis & Sutherland
Stat. Con., sec. 352. The provision in this case, relating
to the building of the fence, means that the creation of
the district is held in abeyance until such fence is built.

The order of the county judge calling the election
and the election itself were void. Such order is subject
to collateral attack. 143 Ark. 465.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

Appellant is in no position to complain that certain
documents desired by him were not produced in evidence,
since his motion therefor was never presented to the
court, and no ruling had thereon; neither was it assigned
as error in the motion for new trial. 138 Ark. 613. The
record proper and what purports to be the bill of ex-
ceptions are in conflict. Where such conflict appears the
presumption is in favor of the record. 1 Ark. 349; 9
Ark. 133; 17 Ark. 332; 23 Ark. 131; 24 Ark. 499; 83 Ark.
517; 108 Ark. 191. Defendant did not offer any testi-
mony in his behalf, and a verdict was properly directed
against him.

McCULLOCH, C. J. The appellant was indicted and
convicted of the offense of allowing stock to run at
large in a stock-law district in Randolph County.

The statute creating the district (Act No. 657 of
the Session of 1919) is a special act creating the dis-
trict in Randolph County, but providing that the dis-
trict shall not be put into operation unless approved by
a majority of the legal voters in the territory at a spe-
cial election ordered by the county court upon petition
of 125 voters in the district. The statute provides that,
if a petition signed by 125 electors of the district be
filed in the office of the county clerk of Randolph
County, the judge shall call an election in the district
to determine whether "a majority of the legal voters
in said district are in favor of this act," and that the

election shall be held at the place or places in the district named in the petition and on the date fixed in the order made by the county judge. The details and method of conducting the election are prescribed in the statute. The election commissioners of the county are required to canvass the returns, and, within ten days after the election, to file in the office of the county clerk a certificate showing the result of the election. It is provided that "if a majority of the legal voters of said district voting in said election shall vote for no fence or stock law, as hereinbefore set forth, then this act shall be in force."

It was conceded by appellant in the trial of the case that he had permitted his stock to run at large inside the boundaries of the district, but he sought to prove, as a defense, that the election was not held as prescribed by the statute, and that the boundary fence had not been constructed in accordance with the terms of the statute. The court excluded the offered testimony, and, nothing else being offered in defense, the court charged the jury peremptorily to return a verdict finding appellant guilty.

The court was correct in refusing to admit testimony concerning the election to be held putting the law into operation in the territory mentioned. The certificate of the election commissioners is the best evidence of the adoption of the law by the voters of the district, and, if regular on its face, is not subject to collateral attack in a prosecution for violation of the terms of the statute. Any other view of the matter would prevent an enforcement of the law, and the guilt or innocence of the accused would depend upon the degree of proof as to the validity of the election. A criminal prosecution under the statute could, in other words, be converted into a contest over the election. There was no offer to prove that no certificate was filed by the election commissioners nor that the election, according to the certificate, was irregular.

The other defense offered  by appellant is equally untenable.  The statute does not make the operation of the district depend, as a condition precedent, upon the construction of a boundary fence.  In this respect the statute is quite different from the general statute authorizing the creation of stock-law districts, as construed by this court in *Hill* v. *Gibson,* 107 Ark. 130. The general statute provides that it shall be unlawful for any owner to permit stock to run at large in a district formed thereunder "after any fencing district has been enclosed by a good and lawful fence."  Crawford & Moses' Digest, § 4684.  The special statute now under consideration contains no such condition, but it declares unconditionally that it shall be unlawful for any owner of stock or cattle to permit such animals to run at large beyond the limits of his own land in the district, and that any person, firm or corporation who shall knowingly permit any such animal to run at large within said territory shall be guilty of a misdemeanor.

Our conclusion is therefore that there was no valid defense offered, and, according to the undisputed evidence, appellant was guilty of a violation of the statute.

The court was correct in its ruling, and the judgment is affirmed.

OPINION ON REHEARING.

McCULLOCH, C. J.  Counsel for appellant contend now, as they did on the original hearing here, that the judgment is unsupported by sufficient testimony, in that the State failed to prove that the stock law enacted by the Legislature had been put into operation by vote of the people as prescribed by that statute.  We overlooked that contention and failed to discuss it in the original opinion.

Our conclusion on this subject is that the adoption of the terms of the statute by an election of the people is a matter of which the court should take notice judicially.  It is a law in operation in a locality which was within the jurisdiction of the court, and the court should take cognizance of it without the necessity of it being

brought to the attention of the court by proof. *Kansas City Southern Ry. Co.* v. *State,* 90 Ark. 343; *Cazort* v. *State,* 130 Ark. 453. This is unlike the ordinances of a municipal·coropration, which must be proved, and of which the court cannot take judicial notice. *Strickland* v. *Little Rock,* 68 Ark. 483.

Such ordinances are enacted by sub-agencies of government, and are unlike the adoption or putting into operation of enactments of the Legislature. The matter of the adoption of the statute was one of public record, of which all persons were compelled to take notice, and the court should likewise know judicially whether or not the statute is in operation. Of course, the trial court could, and we assume that it did, make its knowledge real by an ascertainment through proper channels whether or not there had been an election. It is not contended here that there is no certificate of the election commissioners on file evidencing the fact that an election. was held. This view of the matter gives certainty to the enforcement of the law, and does not leave to mere chance the proof of the facts to show whether or not the law .is in force. The court should determine from its knowledge acquired from taking notice of the certificate of the election commissioners that there had been an election, and that the district was *de facto* in operation. On the other hand, it was the right of the accused to show to the court that no such certificate had been filed. But, as we stated in the original opinion, it was not proper to permit the appellant to attack the validity of the district collaterally.

For these reasons rehearing will be denied.