SMITH v. PLANT.

Opinion delivered July 8, 1929.

*Cul L. Pearce,* for appellant.

*Tom W. Campbell,* for appellee.

*W. M. Thompson* and *Virgil Butler,* amici curiae.

MCHANEY, J. At the general election held on November 6, 1928, there was submitted to the electors of White County, Arkansas, initiative act No. 1 of White County, entitled, "An act to prohibit the running at large of horses, mules, cattle, swine, sheep, goats and geese, and all other live stock and fowls, except chickens and turkeys, and to provide a penalty therefor, and for other purposes." At said election there were 2,835 legal votes cast for the adoption of the act and 918 legal votes against its adoption. Thereafter, on November 16, the county court of White County entered an order declaring said act adopted.

This suit was instituted on June 1, 1929, in the chancery court of White County, alleging the invalidity of the act on many grounds, and praying an injunction against the prosecuting attorney and his deputy from enforcing the provisions of the act. The court entered a decree finding the act null and void, and perpetually enjoined its enforcement.

Only two grounds of attack made upon the act are relied upon in this court: (1) That it is in conflict with the general laws of the State covering the same subject matter; and (2) because its title was misleading, and not properly put on the ballots.

The principal reliance of counsel for appellee to support the decree of the chancellor seems to be based upon the first ground, that the initiated act is in conflict with the general laws of the State covering the same subject-matter, and is therefore void. This apparently is the ground the chancellor based his decree upon. Authority for the procedure undertaken in the initiating of the above mentioned act in White County is found in Constitutional Amendment No. 9, the second Initiative and Referendum Amendment, and known as No. 13 of 1918, adopted by the people of the State at the general election on November 12, 1918. See *Brickhouse* v. *Hill,* 167 Ark. 513, 268 S. W. 865, and *Combs* v. *Gray,* 170 Ark. 956, 281 S. W. 918. One paragraph of this amendment reads as follows:

"Local for municipalities and counties.—The initiative and referendum powers of the people are hereby further reserved to the legal voters of each municipality and county as to all local, special and municipal legisla tion of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith."

It therefore appears from the above section of the amendment that the people of municipalities and counties are not free to initiate any and all local, municipal and special legislation they may desire. Limitation is placed thereon by the last clause in that paragraph, prohibiting the enactment of any legislation contrary to the Constitution, or contrary to any general law of the State, and a general law passed after the initiated act or in conflict therewith repeals the initiated act. If therefore the act in question is contrary to any general law of the State, it is void, and we must so declare it.

Provision is made in the general laws of this State, §§ 321 to 331, C. & M. Digest, and act 225, page 300, of 1921, amending § 324, and act 205, page 686, of the Acts of 1927, amending § 321, C. & M. Digest, for an optional stock law in any county of the State. To get a stock law in White County under this act, the procedure provided by the statutes above mentioned must be followed. Ten per cent. of the electors must first petition the county court for the privilege of voting on the question of restraining live stock from running at large within any county, and the county court must make an order for such election, to be held at any general or special election of the county or State officers. Upon a compliance with the above statutes, and a majority vote in favor thereof, the people of any county may have a stock law under the general laws of the State. But, as heretofore stated, that is an optional statute, optional with the people of each county, and if the people of White County had exercised this option, followed the procedure set out in the statute, and had in force and effect a stock law in White County under the general law, we would have no hesitancy in declaring the act in question void, as being repugnant to the provisions of the general laws of the State. But, since the electors of White County have not exercised the option of putting into effect a general law in White County prohibiting live stock from running at large, we are of the opinion that the provisions of

the Initiative Act No. 1 of White County are not in conflict with any general law in force and effect in White County.

We have no cases in point from our own court, but counsel for appellee has cited two California cases: *Arfsten* v. *Superior Court in and for Mendocino County*, 20 Cal. App. 269, 128 Pac. 949, and *Ex parte Zany*, 20 Cal. App. 260, 129 Pac. 295, to sustain his position, which we have carefully examined and considered. We do not find these cases to be in point, and therefore not persuasive in this case. As we have seen, the general law relating to the subject-matter has not been called into operation in White County, and is not effective therein. It appears to us therefore that the initiated act in question is not contrary to any general law covering the subject-matter, and is a valid exercise of the initiative powers reserved to the people of the counties by the people of White County.

It is next contended that the title of the act was misleading, and not properly put on the ballots. Another paragraph of the I. and R. amendment provides: "At the time of filing petitions the exact title to be used on the ballot shall by the petitioner be submitted with the petition * * *; on county and municipal measures such title shall be submitted to the county election board and shall by said board be placed upon the ballot in such county or municipal election." It is said that this was not done. It appears from the record in this case that on the petitions circulated among the people they contained the exact title of the act. This part of the petition reads as follows: "We, the undersigned, legal voters of White County, Arkansas, respectfully propose the following local law, to-wit: 'Initiative Act No. 1 of White County. An act to prohibit the running at large of horses, mules, cattle, swine, sheep, goats and geese, and all other live stock and fowls, except chickens and turkeys, and to provide a penalty therefor, and for other purposes.' "

It appears further from the record that in the "instructions to canvassers and warning to signers" there was printed the words: "Petition for an act to regulate the running at large of live stock in White County, and for other purposes." This appears to be only what it purports to be, a series of eight instructions and warnings to canvassers and signers. The petition itself contained the proper title, and was submitted by the petitioners. We do not think any voter could have been misled by what he was signing.

In this connection it is further said that the exact title was not placed upon the ballots, and that, instead of printing on the ballots "Initiative Act No. 1 of White County," there was only printed "Initiated Act No. 1," leaving off the words "of White County," and that this avoids the act. The exact title of the act was printed on the ballot, and the leaving off of the ballot the words, "of White County," did not constitute a violation of the amendment, as the words, "Initiative Act No. 1 of White County," constituted only a designation of the number of the act to be initiated, and was no part of the title to the act.

The other contention made with reference to the form of the act as published, and as it appeared on the ballot, cannot be sustained, as the exact title and purpose of the act was printed on the ballot, followed by the words "For Initiative Act No. 1," and "Against Initiative Act No. 1."

Having found all the grounds of attack made on the act as urged in this court to be unfounded, it necessarily follows that the court erred in enjoining its enforcement. The decree of the court is therefore reversed, and the cause dismissed.