TURNAGE *v.* GIBSON.

4-8083          200 S. W. 2d 92

Opinion delivered March 10, 1947.

*John R. Thompson,* for appellant.

*John D. Thweatt* and *Cooper Thweatt,* for appellee.

ED. F. McFADDIN, Justice. This appeal concerns the stock law in Prairie county.

Appellants, claiming to be a majority of the qualified electors residing in Des Arc township, Prairie county, Arkansas, filed their petition in the county court, on December 3, 1945, to have their township declared exempt from the general stock law of that county. They claimed that compliance with § 346, Pope's Digest, gave them the right to have such exemption. Appellee appeared as a remonstrant against the petition. The county court made the exemption order sought by appellants; and appellee appealed to the circuit court, where the county court order was reversed, and the appellants' petition was dismissed. This appeal, here, challenges the judgment of the circuit court; and presents for our consideration three points: (1) Judicial notice of county stock laws; (2) the validity of the 1944 stock law of Prairie county; and (3) the efficacy of § 346, Pope's Digest, to appellants' situation. We consider these points.

I. *Judicial Notice of County Stock Laws.* The circuit court, without requiring any evidence, took judicial notice of the fact that Prairie county had enacted a county-wide stock law at the general election in November, 1944, and that the voters of the county in that election were acting under the powers and provisions of Act 4 of 1935 and Amendment No. VII to the Constitution (which amendment was adopted November 2, 1920, and

declared adopted by the special Supreme Court in *Brickhouse* v. *Hill,* 167 Ark. 513, 268 S. W. 865). In thus taking judicial notice of the county stock law, the circuit court was correctly applying and following the holdings of this court in the cases of *Skiles* v. *State,* 150 Ark. 300, 234 S. W. 721; *Crumbley* v. *Guthrie,* 207 Ark. 875, 183 S. W. 2d 47; and *Hughes* v. *State,* 209 Ark. 125, 189 S. W. 2d 713. In *Crumbley* v. *Guthrie,* we said:

"In the decree the Chancellor said: 'Prairie Township . . . is part of a stock law district wherein it is unlawful for stock to run at large.' There was no proof to support this finding. On rehearing in *Skiles* v. *State,* 150 Ark. 300, 234 S. W. 721, there was answer to the appellant's contention that no proof had been introduced showing that a stock law enacted by the Legislature had been put into operation by vote of the people, as prescribed by that statute. The Court, speaking through Chief Justice McCulloch, concluded that adoption of the terms of a statute by election ' . . . is a matter of which the Court should take notice judicially. It is a law in operation in a locality which was within the jurisdiction of the Court, and the Court should take cognizance of it without the necessity of it being brought to the attention of the Court by proof.' We think the defendant below had a right to rely upon this opinion and to rest the matter on allegation, in the absence of proof that the law was not adopted."

To aid a court in applying judicial notice, it is proper to call attention to the place where the fact or law may be found which is to be judicially noticed—as we said in *J. R. Watkins Med. Co.* v. *Johnson,* 129 Ark. 384, 196 S. W. 465:

"Being required to take notice of those laws, it is our duty to pursue inquiries sufficient to make that knowledge real as far as possible."

In 20 Am. Jur. 52, in speaking of how the court may actually know the matters of judicial notice, this is said:

"If they are proper subjects of judicial knowledge, the judge may inform himself in any way which may seem best at his discretion, and act accordingly."

To aid this court in actual knowledge of the matter of judicial notice, the appellee has filed here a duly certified copy of the order of the county court of Prairie county of November 14, 1944, declaring the result of the election on the county-initiated stock law; and the order has the full text of the law, and the vote thereon. Section 13301, Pope's Digest, (being § 7 of Act 4 of 1935) requires such a record to be kept by the county clerk. The authenticity of this certified copy is not challenged by appellants, so we take it to be correct. Thus, we know actually the matter of which we take judicial notice; and we know that the voters of Prairie county by vote of 1,091 to 433 adopted, at the general election on November 7, 1944, a county-wide stock law which provided (in part):

"All of Prairie county, Arkansas, is hereby made a livestock restricting area, and it shall be unlawful for horses, mules, . . . cattle . . . or any other animals of like kind to run at large in said county; . . ."

Neither the sufficiency of the vote nor the legality of the procedure leading up to the election is here attacked; so we take the measure as duly adopted.

II. *The Validity of the 1944 Stock Law of Prairie County.* The appellants claim that the 1944 stock law of Prairie county applied to the entire county, and that only part of the county had a stock law prior to 1944; and therefore—appellants claim—the county-initiated act was an attempt to amend previous laws, and consequently was void under that provision of Constitutional Amendment No. VII, which reads:

" . . . but no local legislation shall be enacted contrary to the Constitution or any general law of the State, . . ."

Our holding in the case of *Smith* v. *Plant*, 179 Ark. 1024, 19 S. W. 2d 1022 is a complete answer to appellants' contention in this regard. Appellants admit that, prior to the 1944 general election, only the south part

of Prairie county had a stock law.[1] This admission, even if we did not know that fact judicially, makes the facts in the case at bar "on all fours" with the facts in *Smith* v. *Plant, supra,* where—in denying the same contention as is here made—we said:

"But, since the electors of White county have not exercised the option of putting into effect a general law in White county prohibiting livestock from running at large, we are of the opinion that the provisions of Initiative Act No. 1 of White county are not in conflict with any general law in force and effect in White county."

We, therefore, conclude that the county-wide initiated stock law of Prairie county of 1944 is constitutional, as against the attack here made; and we proceed to determine whether appellants' petition entitled them to the relief prayed against the county-wide stock law.

III. *The Efficacy of Section 346 Pope's Digest to Appellants' Situation.* This section of Pope's Digest is § 2 of Act 258 of 1919, which act amended Act 156 of 1915 (see § 335, *et seq.,* Pope's Digest, where some of these sections are codified). The 1915 act allowed 25 per cent of the qualified electors of three or more townships in a county to petition for an election to determine whether the stock law would be in effect in such townships. The 1919 act (by § 2 thereof, which is now § 346, Pope's Digest) promulgated a method whereby one township could secure exemption from the stock law voted by the other townships.

It will thus be seen that § 346, Pope's Digest, applies only to a situation where the stock law was put into effect in a county by the procedure set forth in Act 156 of 1915 as amended by Act 258 of 1919. The stock law of Prairie county as voted in 1944 did not go into effect by the method set forth in these sections, but became

---

[1] The appellants' brief says: "Many years ago a law was enacted which made a great majority of the southern district of Prairie county into a stock law. Thereafter, other townships of the county, under the general law existing, availed themselves of the right, and by majority, either through petition or election, created stock law districts in much more of the county until the point had been reached where probably more than half of Prairie county was in a stock law."

effective by the method outlined in Amendment No. VII to the Constitution which specifically authorized county-initiated acts.

We have examined the county-initiated stock law of Prairie county as adopted at the 1944 general election, and find no provision in that law which authorizes any proceeding—such as is here attempted—to exempt a township from the county-wide law; and since § 346, Pope's Digest, does not apply to a county-initiated act, it follows that the appellants' petition was improperly brought and was therefore correctly dismissed by the circuit court.

Affirmed.