CITY OF LITTLE ROCK *v.* GRIFFIN.

4-8463                                    210 S. W. 2d 915

Opinion delivered May 10, 1948.

*T. J. Gentry, Frank H. Cox* and *Rose, Dobyns, Meek & House,* for appellant.

*Osborne W. Garvin,* for appellee.

ED. F. McFADDIN, Justice. This appeal is designed to present issues about the Little Rock zoning ordinance (No. 5420), and also as to whether the said ordinance conflicts with ordinance No. 5454. Neither ordinance is in evidence. We do not take judicial notice of municipal ordinances. *Strickland* v. *Little Rock,* 68 Ark. 483, 60 S. W. 26; *Gardner* v. *State,* 80 Ark. 264, 97 S. W. 48; *Drifoos* v. *Jonesboro,* 107 Ark. 99, 154 S. W. 196; *Skiles* v. *State,* 150 Ark. 300, 234 S. W. 721; *Lowe* v. *Ivy,* 204 Ark. 623, 164 S. W. 2d 429; *Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446. So, we must necessarily decide the appeal on general issues, rather than on the actual wording of the particular ordinances.

Paul Y. Griffin and J. Harry Leggett have been for many years partners doing business under the trade names of Griffin-Leggett Funeral Home and Griffin-Leggett Burial Association. We refer to these individuals as "Griffin-Leggett." Block 260 of the original City of Little Rock is bounded on the south by West Capitol Avenue; on the east by Chester Street; on the north by West Fourth Street; and on the west by Ringo Street. Lots 7, 8, 9, 10, 11 and 12 in said block 260 each has a frontage of 50 feet on Chester Street and a depth of 150 feet. Lot 7 is at the south end of the block and lot 12 is at the north end. In 1936, Griffin-Leggett acquired the east half of said lots 7, 8 and 9, and located their funeral home thereon (which is on the northwest corner of Capitol Avenue and Chester Street). Later, Griffin-Leggett acquired the west half of these lots 7, 8 and 9, and enlarged their business to include all of the three lots. A funeral chapel is a part of the business.

In 1946, Griffin-Leggett acquired lots 10, 11 and 12 in block 260, and removed therefrom two residences and a garage, in order to use the lots as a parking space for the vehicles of themselves, their employees, patrons and other persons attending services in the funeral chapel. On August 12, 1946, Griffin-Leggett petitioned the city

council as follows: The undersigned, owners of property at the southwest corner of West 4th and Chester Streets, described as lots 11 and 12, block 260, original City of Little Rock, hereby petition the council for permission to erect a five-foot stone fence around the above lots; the fence will be of stone and brick construction, will be attractive in appearance, and its main purpose will be to serve as a screen for cars that are parked for funeral services; attractive entrances will be provided."

The petition, as it appears in the transcript, does not include lot 10, but this lot seems to have been included in the permit issued by the city, and is treated in this case as so included. Likewise, on August 12, 1946, the city council granted the petition; the council minutes read: "There was then presented a petition from Griffin-Leggett Funeral Home for permission to erect a five-foot stone and brick fence around their property at the southwest corner of West Fourth and Chester Streets, which petition was filed in compliance with the terms of Ordinance No. 5454. Upon motion of Alderman Sims, seconded by Alderman Coffman, said petition was granted."

Immediately after receiving the above authority, Griffin-Leggett constructed around lots 10, 11 and 12 a stone and brick fence about five feet high, agreeing in architectural design with their buildings on lots 7, 8 and 9; and Griffin-Leggett graveled lots 10, 11 and 12, and have used them as a parking space for the vehicles of themselves, their employees, patrons and other persons attending services held in the funeral chapel. This litigation concerns such use of said lots 10, 11 and 12. Griffin-Leggett also attempted to persuade the City of Little Rock to rezone lots 10, 11 and 12 from "D (apartment) property" to "H (business) property" under some provision of the zoning ordinance (lots 7, 8 and 9 had already been so rezoned). Such rezoning of lots 10, 11 and 12 was not achieved; and these lots are hereinafter referred to as the "said lots."

On June 6, 1947, the city engineer of Little Rock ordered Griffin-Leggett to discontinue the use of said lots as a parking space; the engineer claiming that such use

was in violation of the zoning ordinance. Thereupon Griffin-Leggett filed this suit in the Pulaski Chancery Court against the city of Little Rock and the city engineer, alleging the facts substantially as above detailed, claiming their present use of the lots as a parking space to be legal under the city council's permission; and also claiming estoppel against any interference with such present use of the lots as a parking space. The prayer of the complaint was: "Wherefore, plaintiffs pray that the said use of said lots ten, eleven, and twelve be not interrupted, disturbed, or discontinued, that defendants be temporarily enjoined and restrained from interfering in any way or manner with the use of said lots, and upon final hearing pray that said injunctive order be made permanent, and for all proper and equitable relief."

Later, Griffin-Leggett filed an amendment to the complaint naming as additional defendants the members of the Board of Adjustment (which board was alleged to have been created under the Little Rock zoning ordinance). The prayer of that amendment was: ". . . plaintiffs pray as in the original complaint and alternatively pray that a mandatory injunction be issued directing the Board of Adjustment to permit the use of said lots, as described in the original complaint herein, for the reasons herein cited and as a duty imposed by law, and for all other proper and equitable relief."

All of the defendants in one answer denied all allegations in the complaint and amendment. Specifically, they claimed that, since the plaintiffs had been unsuccessful in all of their efforts to have said lots rezoned from "D (apartment) property" to "H (business) property," the plaintiffs should not obtain by court action the relief which the administrative agencies had denied them. This paragraph appears in the answer: "Defendants further state that said lots 10, 11, and 12 of block 260 of the original City of Little Rock even though the owners thereof have been denied the use of such property for commercial purposes that such owners are at this time using such property for commercial purposes, and have constructed driveways, and entrances upon said prop-

erty to facilitate the business of operating a funeral parlor. That such use is in violation of said Ordinance 5420.''

Two property owners intervened; and made common cause with the defendants. The cause was heard by the chancery court on testimony of numerous witnesses taken *ore tenus*. The chancery court found all of the issues of law and fact in favor of the plaintiffs and entered a decree:

1. Permanently enjoining the defendants from interfering with the plaintiffs in the use of lots 10, 11 and 12 as a parking space;

2. Holding the Little Rock zoning ordinance to be void insofar as it pertained to the said lots; and

3. Reclassifying said lots from ''D (apartment) property'' into ''H (business) property'' under the zoning ordinance.

From that decree the defendants and interveners have appealed.

To review in this opinion all of the evidence would serve no useful purpose. Neither is it necessary to go into a lengthy discussion on the power of the courts to declare void a zoning ordinance insofar as particular lots are concerned. Some of our cases on zoning ordinances are: *Herring* v. *Stannus,* 169 Ark. 244, 275 S. W. 321; *Little Rock* v. *Pfeifer,* 169 Ark. 1027, 277 S. W. 883; *Little Rock* v. *Sun Bldg. & Dev. Co.,* 199 Ark. 333, 134 S. W. 2d 582; *McKinney* v. *Little Rock,* 201 Ark. 618, 146 S. W. 2d 167; *Little Rock* v. *Bentley,* 204 Ark. 727, 165 S. W. 2d 890; *Little Rock* v. *Joyner,* 212 Ark. 508, 206 S. W. 2d 446.

In the present case the plaintiffs (appellees here) proved that the city council had granted them a permit to use said lots for a parking space, and that the property had been so used for some time before the city engineer attempted to prohibit such continued use. As previously stated, we do not have in the record before us the ordinance No. 5454 under which the city council

granted the plaintiffs such authority; but the city by appropriate proceedings had the power to grant to the plaintiffs such use, and did execute such grant. We have previously copied the request and the action of the council thereon. That action could have superseded any necessity of the plaintiffs pursuing further the zoning matter. *Prima facie* it had that effect, insofar as the plaintiff's use of the lots as a parking space is concerned: and the evidence shows that such is the only use that the plaintiffs are making of the said lots. So we affirm all that part of the decree of the chancery court which enjoined the defendants from interfering with the plaintiffs' use of said lots as a parking space for the vehicles of themselves, their employees, patrons and all others using the facilities of the funeral home.

But the chancery court went further, and held the zoning ordinance void as to the said lots, and rezoned the lots into "H (business) property." The zoning ordinance is omitted from the evidence. A strong case was made here for rezoning and there is some evidence that relief might have been granted to the plaintiffs by the city authorities. Such remedies in this case should have been exhausted before recourse was had to the courts. We therefore reverse that portion of the decree of the chancery court which (1) held the zoning ordinance void as to lots 10, 11 and 12, and (2) rezoned the said lots into "H (business) property." But this is without prejudice to Griffin-Leggett's right to initiate further proceedings for a rezoning of the said lots if they desire to change the use from the present parking use to some other use. The costs of all courts are adjudged against appellants.