McGARITY *v.* STATE.

4625                                      231 S. W. 2d 109

Opinion delivered June 26, 1950.

*Reinberger & Eilbott* and *Lawrence E. Dawson,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant was convicted and fined for permitting his livestock to run at large in violation of the 1948 Initiated Act No. 1 of Jefferson County; and this appeal ensued.

The case was tried on facts stipulated as follows:

". . . that on May 1, 1949, Lonzo McGarity, a resident of Jefferson County, permitted his hogs, 14 in number, to run at large in Jefferson County, Arkansas, after having first been notified by Douglas Riley to put up and confine said hogs, and after such notice defendant refused to do so.

"It is further understood and agreed that there is no county-wide stock law in Pulaski County."

The said Initiated Act No. 1—adopted by the voters of Jefferson County at the 1948 General Election[1]—reads in part:

"That, from the effective date of this act, it shall be unlawful for any livestock to run at large in Jefferson County, and whenever any livestock are (is) running at large, it shall be the duty of the owner thereof, within twenty-four hours after verbal or written notice of such fact, to take up such livestock and confine them; and in case of such owner's failure or refusal to do so, he shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined a sum of not less than $10 nor more than $50 for each offense, and each day the said livestock shall run at large after such notice shall constitute a separate offense."

[1] Authority for such a County law as this is found in Initiative and Referendum Amendment No. 7 to our Constitution. See, also, *Dozier* v. *Ragsdale,* 186 Ark. 654, 55 S. W. 2d 779, and *Tindall* v. *Searan,* 192 Ark. 173, 90 S. W. 2d 476.

Appellant relies on the Florida case of *Thomas* v. *Mills,* 107 Fla. 385, 144 So. 882, as authority for reversal. The Florida law required a County to fence its boundaries before putting a County stock law into effect. We have no such requirement in Arkansas; so the Florida case is not ruling. The stipulated fact—that Pulaski County (adjoining Jefferson County), has no law prohibiting cattle from running at large—is of no benefit to the appellant, because he is a resident of Jefferson County. See *Linehart* v. *Bruton,* 207 Ark. 536, 181 S. W. 2d 468. Furthermore, one residing outside the affected territory is guilty of law violation if he knowingly allows his cattle to cross the boundary into a prohibited territory in violation of a stock restraint law. See *DeQueen* v. *Fenton,* 100 Ark. 504, 140 S. W. 716.

In view of the stipulated facts in this case, and our holdings in the case of *Smith* v. *Plant,* 179 Ark. 1024, 19 S. W. 2d 1022, and *Turnage* v. *Gibson,* 211 Ark. 268, 200 S. W. 2d 92, this case must be affirmed, since we are unable to perceive any reason why these cases are not ruling in the case at bar.

Affirmed.