198

## Billy Don LIVELY *v.* STATE of Arkansas

CA CR 88-8                                      755 S.W.2d 238

Court of Appeals of Arkansas
Division II
Opinion delivered August 24, 1988

*Milas Hale III*, by: *Arthur L. Allen* of *Allen Law Firm*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Appellant, Billy Don Lively, was charged with delivery of a controlled substance, cocaine, in

violation of Ark. Stat. Ann. § 82-2617 (Repl. 1976) (now Ark. Code Ann. § 5-64-401 (1987)). The case was tried to the circuit court, sitting without a jury. Lively was convicted and sentenced to a term of 10 years imprisonment.

Appellant does not argue that the evidence is insufficient to establish that he sold cocaine but argues on appeal that he is entitled to reversal because the State failed to prove that cocaine is a "controlled substance" or that cocaine is a "narcotic drug." We disagree and affirm.

The statute under which appellant was convicted, Ark. Stat. Ann. § 82-2617, provides in pertinent part:

(1) Any person who violates this subsection with respect to:

(i) a controlled substance classified in Schedule I or II which is a narcotic drug . . . is guilty of a felony and shall be imprisoned for not less than ten (10) years . . . For all purposes other than disposition, this offense is a class Y felony.

Arkansas Statutes Annotated § 82-2602 (Repl. 1976) provides that the commissioner shall administer the Controlled Substances Act and may add or delete substances from the schedules. Arkansas Statutes Annotated Section 82-2601(x) (Repl. 1976) (now Ark. Code Ann. § 5-64-101(x) (1987)) defines the "commissioner" as the director of the Arkansas Department of Health or his duly authorized agent. Section 82-2606 (Repl. 1976) (now Ark. Code Ann. § 5-64-205 (1987)) establishes criteria to be used by the commissioner in placing substances in Schedule II. At the time of the offense the applicable Department of Health regulations listed cocaine as a controlled substance in Schedule II.

Arkansas Statutes Annotated § 82-2601(o)(4) (Repl. 1976) (now Ark. Code Ann. § 5-64-101(o)(4) (1987)) provides:

(o) "Narcotic drug" means any of the following. . .

. . .

(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, isomer, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances . . .

■ Thus, cocaine is defined as a "narcotic drug" under an Arkansas statute and is made a Schedule II controlled substance under the terms of a board regulation adopted in accordance with the statute.

In *Johnson* v. *State*, 6 Ark. App. 78, 638 S.W.2d 686 (1982), we said:

Appellant contends that as this regulation was not tendered for judicial notice or otherwise proved in the trial court we are required to reverse his conviction on jurisdictional grounds. It is not necessary to introduce evidence of statutes in this state. The court judicially knows them. [Citations omitted.] Nor is it necessary to introduce evidence of regulations of the State Health Department promulgated pursuant to statutory authorization. Courts take judicial notice of such rules and regulations of boards and agencies which are adopted pursuant to law. [Citations omitted.] As the regulation listing Meperidine as a Schedule II controlled substance was a matter within the judicial knowledge of the trial court it was not error for him to exercise the jurisdiction conferred by the regulation.

6 Ark. App. at 81, 638 S.W.2d at 688.

Appellant concedes that the trial court could have taken judicial notice of either matter but argues that it is error to do so absent a request by the state. He cites *St. Paul Insurance Company* v. *Touzin*, 267 Ark. 539, 592 S.W.2d 447 (1980). There, in discussing a department of health regulation, the court said:

Judicial notice may be taken of that regulation, but the proper procedure is for the party relying on such judicial notice to aid the court or administrative law judge by calling attention to the regulation. *Turnage* v. *Gibson*, 211

Ark. 268, 200 S.W.2d 92 (1947); Unif. R. Evid. 201(d), Ark. Stat. Ann. § 28-1001 (Repl. 1979).

██ This portion of *Touzin* stands only for the proposition that one who has a legal argument based upon a state regulation should call the trial court's attention to the regulation or risk being precluded from relying on it on appeal. The case at bar is not governed by Ark. R. Evid. 201 as that rule governs only judicial notice of adjudicative facts. The statute and regulations involved in this case do not constitute "adjudicative facts." *See United States v. Coffman*, 638 F.2d 192 (10th Cir. 1980); *United States v. Gould*, 536 F.2d 216 (8th Cir. 1976). Even if this case were governed by Rule 201, that rule expressly authorizes the court to take judicial notice whether requested or not. Ark. R. Evid. 201(c).

Appellant also cites *Pascall v. Smith*, 263 Ark. 428, 569 S.W.2d 89 (1978). In *Pascall* the supreme court held that it had erred in taking judicial notice of what was clearly an adjudicative fact when the matter had not been raised in the trial court. *Pascall* has no application to the facts of this case.

██ We hold that it was unnecessary for the State to offer evidence to the trial court, sitting without a jury, that cocaine was listed by the Health Department as a Schedule II controlled substance or that cocaine is classified by the legislature as a narcotic drug.

Affirmed.

MAYFIELD and COULSON, JJ., agree.