SLIP OPINION

Cite as 2014 Ark. App. 474

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-1121

| | |
|---|---|
| DALE HARVEY BROWN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 17, 2014<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. CR-12-116]<br><br>HONORABLE CHARLES E. CLAWSON, JUDGE<br><br>AFFIRMED; REMANDED WITH INSTRUCTIONS TO CORRECT SENTENCING ORDER |

**PHILLIP T. WHITEAKER, Judge**

Appellant Dale Brown was charged with one count of manufacturing more than four ounces but less than twenty-five pounds of marijuana, a Class C felony. A Van Buren County jury convicted him of the offense and sentenced him to three years' suspended imposition of sentence. On appeal, Brown raises two arguments. His first is a two-pronged challenge to the sufficiency of the evidence, arguing that the State 1) failed to prove that marijuana is a Schedule VI controlled substance, and 2) failed to prove that he manufactured the weight of marijuana necessary for a Class C felony. In his second point, Brown asserts that the circuit court erred in allowing the State to introduce the crime laboratory analyst's report into evidence.

SLIP OPINION

I. *Sufficiency of the Evidence*

Brown's first argument on appeal is that the trial court erred in denying his motion for a directed verdict. A directed-verdict motion is a challenge to the sufficiency of the evidence. *Populis v. State*, 2011 Ark. App. 334; *Draper v. State*, 2010 Ark. App. 628, 378 S.W.3d 191. When reviewing a challenge to the sufficiency of the evidence, the appellate court will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Populis*, *supra*. Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another without resort to speculation or conjecture. *Id.*

In the first point of his two-part challenge to the sufficiency of the evidence, Brown argues that the circuit court erred in denying his motion for directed verdict. In making that motion at trial, Brown argued that there had been "no testimony that what [the crime-lab analyst] analyzed and determined was a Schedule VI controlled substance within the meaning of the Arkansas criminal statutes." The court overruled the motion, and the following colloquy then occurred:

DEFENSE: Judge, does that specifically include the fact that one of the elements is that he manufactured a Schedule VI controlled substance? There's been no testimony with regard to this being a Schedule VI controlled substance.

STATE: As a matter of law, marijuana is a Schedule VI controlled substance. The court can make that finding as a matter of law. That's a legal conclusion to be made, not a factual conclusion.

COURT: My ruling includes that finding, yes, sir.

On appeal, Brown continues to argue that the State failed to introduce proof of an element of the offense with which he was charged: i.e., that marijuana is a Schedule VI controlled substance. We disagree, however, because our supreme court has specifically rejected this argument. In *Washington v. State*, 319 Ark. 583, 892 S.W.2d 505 (1995), the court held as follows:

> Our law is well-established that courts may take judicial notice of agency regulations adopted pursuant to law, and that it is not necessary to formally introduce the regulations into evidence for the court to do so. Arkansas courts have long taken judicial notice of the State Health Department's regulations classifying controlled substances into particular schedules. As observed in *Johnson* [*v. State*, 6 Ark. App. 78, 638 S.W.2d 686 (1982)], the Director of the State Health Department is given authority to designate controlled substances pursuant to Ark. Code Ann. § 5-64-201 (Repl. 1993). Section 5-64-201 requires the Director's schedules to be adopted in accordance with the Arkansas Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 to –214 (Repl. 1992 & Supp. 1993). Thus, the schedule of controlled substances is a regulation promulgated by a state agency pursuant to statute and in accordance with state procedural requirements. The schedule or agency regulation is a part of the substantive law the trial court must determine and then apply to the facts of the case before it.

*Id*. at 585, 892 S.W.2d at 505–06 (citations omitted). *See also Lively v. State*, 25 Ark. App. 198, 201, 755 S.W.2d 238, 240 (1988) (holding that it was unnecessary for the State to offer evidence that cocaine was listed by the Health Department as a Schedule II controlled substance or that cocaine is classified by the legislature as a narcotic drug).

Brown nonetheless argues that even if, during the colloquy on the directed-verdict motion, the State asked the circuit court to take judicial notice of the fact that marijuana is a Schedule VI controlled substance, the State failed to ask the circuit court to instruct the jury that it had taken notice of an adjudicative fact in accordance with Arkansas Rule of Evidence 201(g). This argument is without merit. In *Lively*, *supra*, this court held that Rule

201 governs judicial notice only of adjudicative facts, and the controlled-substance statute and regulations involved in that case "[did] not constitute 'adjudicative facts.'" *Lively*, 25 Ark. App. at 201, 755 S.W.2d at 239–40; *see also United States v. Gould*, 536 F.2d 216, 219–20 (8th Cir. 1976) (holding that Federal Rule of Evidence 201(g) extends only to adjudicative facts, not legislative facts, which are "established truths, facts or pronouncements that do not change from case to case but apply universally" and that are not "fact[s] which would traditionally go to the jury"). As such, Brown's argument is without merit.

In the second part of his sufficiency argument, Brown contends that the circuit court should have directed a verdict as to the Class-C-felony component of the charge and instead found him guilty of, at most, a Class A misdemeanor pursuant to Arkansas Code Annotated section 5-64-439(b)(3) (Supp. 2013). That statute provides that the manufacture of marijuana is a Class C felony if a person manufactures more than four ounces but less than twenty-five pounds, including an adulterant or diluent. Section 5-64-439(b)(1) makes the manufacture of marijuana a Class A misdemeanor if the amount manufactured is less than fourteen grams.

We find no merit to Brown's argument based on the evidence introduced at trial. Officers with the Twentieth Drug Crime Task Force seized twenty-one marijuana plants from Brown's property. The plants were taken to the Drug Task Force office; the leaves were stripped from the stems and spread out to dry for several days; and the resulting material, along with a smoking pipe and some loose leaves found in a bowl in Brown's house, were packed into separate zip-lock evidence bags and labeled as E-1A and B, E-3, E-4, and E-5. The evidence bags were then sent to the crime lab for analysis. Once the bags

arrived at the crime lab, analyst Felicia Lackey took samples from each of the bags and performed three separate tests to determine whether the substance in the bags was marijuana. The test results showed that each bag contained marijuana. Lackey's laboratory report further showed that the total aggregate weight of the material in the evidence bags was 407.7 grams, or 14.381 ounces. On cross-examination, Lackey testified that, in testing the materials submitted to the crime lab, she used .3 grams from each evidence bag, for a total of 1.5 grams that were tested.

On appeal, Brown specifically argues that Lackey's testimony conclusively established only that there were 1.5 grams of marijuana. Brown maintains that the circuit court should therefore have granted his motion for directed verdict as to the felony designation of the offense, because 1.5 grams falls below the 4 ounces necessary to sustain a Class C felony conviction.

There is no merit to this argument. In light of the laboratory report, it is clear that there was sufficient evidence to support Brown's conviction for manufacturing more than four ounces of marijuana. Although Brown argues in his second point on appeal that Lackey's report should not have been introduced, when we consider an appeal where sufficiency of the evidence is an issue and there are also arguments that certain evidence introduced during trial was inadmissible, we consider all the evidence, even that which may have been erroneously admitted at trial. *Woods v. State*, 2013 Ark. App. 739, 431 S.W.3d 343; *Ryan v. State*, 30 Ark. App. 196, 199, 786 S.W.2d 835, 837 (1990). For these reasons,

it is clear that there was sufficient evidence to support Brown's conviction for manufacturing more than four ounces of marijuana.

## II. *Evidentiary Ruling*

In his second point on appeal, Brown argues that the circuit court should not have allowed the State to introduce Lackey's report into evidence. Brown objected to the introduction of Lackey's report at trial, arguing that it was irrelevant because she had already testified about the contents of the report. He further argued that the "report doesn't match up with what her testimony is" because she testified that she tested a sample but never said what the aggregate weight of the marijuana was. The circuit court overruled Brown's objection.

On appeal, Brown continues his argument that the report was not relevant under the Arkansas Rules of Evidence and in light of Lackey's testimony. We review trial court decisions to admit evidence under an abuse of discretion standard. *Guydon v. State*, 344 Ark. 251, 39 S.W.3d 767 (2001); *McCastle v. State*, 2012 Ark. App. 162, 392 S.W.3d 369.

The Arkansas Rules of Evidence define the relevancy of evidence and its admissibility in court. Arkansas Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State. Evidence which is not relevant is not admissible." Ark. R. Evid. 402. Although relevant, evidence may be excluded

if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Ark. R. Evid. 403.

We find no error in the introduction of Lackey's laboratory report. The report was relevant under Rule 401 because the weight of the marijuana was an element of the offense. Ark. Code Ann. § 5-64-439(b)(3). Because the report was relevant, it was admissible under Rule 402. Moreover, there was no basis for excluding the report under Rule 403 because it was not cumulative, as Lackey did not specifically testify about the aggregate weight of the marijuana. Finally, the report may have been prejudicial to Brown, insofar as it supplied proof of an element of the offense; however, as the supreme court has repeatedly pointed out, evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. *Vance v. State*, 2011 Ark. 243, at 23, 383 S.W.3d 325, 341; *Rounsaville v. State*, 2009 Ark. 479, at 12, 346 S.W.3d 289, 296. The prejudicial nature of the evidence did not outweigh its probative value. Accordingly, we conclude that the circuit court did not abuse its discretion in allowing the State to introduce the report into evidence.

As a final matter, we note a discrepancy between the jury's sentencing recommendation of thirty-six months' suspended imposition—which the circuit court accepted and memorialized on the original sentencing order—and the amended sentencing order, which sentences Brown to thirty-six months in the Arkansas Department of

Correction, with thirty-six months suspended. We remand to the circuit court to enter an amended sentencing order that clearly reflects Brown's sentence.

Affirmed; remanded with instructions to correct sentencing order.

GRUBER and VAUGHT, JJ., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.