William L. OWENS and Others, Being the Owners of All Lots in Block 6, 7, 8, and Lots 1-10 of Block 5, Western Oaks Place, a Subdivision in the City of Springdale, Arkansas *v.* Glen E. CAMFIELD and Sally CAMFIELD, Husband and Wife

CA 80-517                                              614 S.W. 2d 698

Court of Appeals of Arkansas
Opinion delivered May 6, 1981

*Davis & Bracey*, by: *Charles E. Davis*, for appellants.

*Lisle & Watkins*, by: *Barry J. Watkins*, for appellees.

TOM GLAZE, Judge. This appeal is from a chancery court decision which excepted two lots owned by appellees from a covenant restriction which limited the use of the lots for residential purposes only. The appellants own lots in the same subdivision in which appellees' two lots are located and appellants affirmatively plead at the trial below that the appellees were not entitled to have the covenant restriction cancelled. Appellants contend on appeal that the Chancellor erred in: (1) imposing the wrong legal standard for determining when a restrictive covenant should be removed, and (2) that the Chancellor's decision to remove the restrictive covenant was against the preponderance of the evidence even if the evidence presented was considered in view of the correct legal standard.

For purposes of this opinion, we consider both issues raised by appellants at the same time. Appellants cite the case of *Storthz* v. *Midland Hills Land Company*, 192 Ark. 273, 90 S.W. 2d 772 (1936), which sets forth the correct rule of law to follow when determining when a restrictive covenant should be cancelled. The court in *Storthz* held:

> ... the weight of authority is to the effect that equity will and should entertain a bill which has the purpose of cancelling a restrictive convenant in a deed as a cloud upon title wherein it is alleged that the conditions surrounding the property have so changed as [1] *to utterly destroy its value for the purpose for which the restriction was promulgated to prevent*, and [2] *that this change of conditions is due to no fault on the part of the petitioner* and [3] *will work no irreparable injury to others.* [Emphasis and numbers supplied.]

Appellants argue that the Chancellor failed to apply the first part of the rule in *Storthz* and direct our attention to the Chancellor's finding in the trial court's decree which states:

> That conditions on Highway 68 in Springdale, Arkansas, have *materially changed so that the purpose of the covenants is no longer served* insofar as the covenants restrict Lots 1 and 2 of Block 8 to residential use only. [Emphasis supplied.]

It is obvious that the decree does not reflect the identical language contained in *Storthz*. The trial court, in reaching its decision, may have been more exacting if it had specifically found that "the conditions surrounding the property had so changed as to utterly destroy its value for the purposes for which the restriction was promulgated to prevent." However, the court's failure to do so is certainly no reason in itself to reverse, especially when we review this case *de novo* and have the opportunity to determine whether the evidence supports the Chancellor's decision in view of the legal standard in *Storthz*. It is well established that we review chancery cases *de novo* on appeal, and we do not reverse the Chancellor's findings of fact unless contrary to the prepond-

erance of the evidence. *Garot* v. *Hopkins & Coates*, 266 Ark. 243, 583 S.W. 2d 54 (1979).

The record before us reflects that the two lots owned by appellees are bordered on three sides by commercial activity. The lots are bounded on the south by U.S. Highway 68. The convenant restriction which limited these two lots to residential use only was filed in 1960. In 1964, all the property bordered on the north side of Highway 68, including appellees' two lots, were zoned for commercial use. At the time and subsequent to the rezoning, the appellees' home was located on one of the lots and the other lot was and remains vacant. Both appellants and appellees agree that the evidence tends to show that appellees' property is located within a commercial "sprawl" area which has developed along Highway 68. Even though appellees' lots are located in an admitted commercial sprawl, appellants argue that this case is indistinguishable from the case of *Robertson* v. *Berry*, 248 Ark. 267, 451 S.W. 2d 184 (1970), wherein the Supreme Court upheld a residential use only covenant which covered property located in close proximity of a commercial area in Little Rock. Although the facts here may be similar in some respects to those found in *Robertson*, the case before us is clearly distinguishable. In *Robertson*, the court specifically found the evidence showed the restricted property's value for residential purposes had not been destroyed. Even the expert witnesses called by Robertson, who was seeking cancellation of the restrictive covenant, admitted that the subject property continued to have some value for residential purposes. Here, there was evidence that appellees' lots had no residential value. Tom Reed, a real estate appraiser, testified that there is no market for residential property along Highway 68 and stated he could not set a residential value for appellees' property. One of the appellants, Howard Gay, gave credence to Reed's opinion when Gay testified that he would only buy appellees' property as an investment so he could "make some money on it later down the line when the restrictive covenant runs out."

The fact that appellees' property is zoned commercial is of paramount consideration, and this important factor was not found in *Robertson*. While the general rule is that

restrictive convenants are not abrogated, destroyed or impaired when property is rezoned, the rezoning is a circumstance tending to show that at least in the judgment of the municipality the character of the neighborhood within the zoned area was changing or had changed from residential to business uses for purposes of determining whether the restrictive convenant should no longer be enforced because of changed conditions. *Hirsch* v. *Hancock*, 173 Cal. App. 2d 745, 343 P. 2d 959 (1959); *Staninger* v. *Jacksonville Expressway Authority*, 182 So. 2d 483 (Fla. App. 1966); to this effect see also 20 Am. Jur. 2d, *Covenants Conditions and Restrictions*, § 277.

Of course, Reed's previously mentioned testimony indicates appellees' property has no residential value since it is zoned commercial and is located within a commercial strip along Highway 68. The sole fact that appellees' property was rezoned has effectively caused them to lose, for all practical purposes, the use of one of the two lots in question. Lot 1 was vacant when the commercial rezoning occurred in 1964. The net effect of the rezoning is that appellees cannot build a house on Lot 1 since it is zoned commercial, and if the restrictive convenants are enforced, appellees cannot use the lot for commercial purposes. The appellees' plight is significant, *viz.*, they appear to own a piece of property on which they have no right to build an improvement or structure of any type.

We conclude from our review of the record that there is substantial evidence to show that the conditions surrounding the property of appellees have so changed as to destroy its value for residential purposes. Therefore, we affirm the decision of the trial court.

Affirmed.